UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BUILD-A-BEAR WORKSHOP, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-cv-00211-MTS |
| KELLY TOYS HOLDINGS, LLC, KELLY AMUSEMENT HOLDINGS, LLC, JAZWARES, LLC, and JAZPLUS, LLC, | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ENJOIN DEFENDANTS FROM PROCEEDING WITH BAD FAITH, LATER-FILED LAWSUIT**

Defendants Kelly Toys Holdings, LLC, Kelly Amusement Holdings, LLC, Jazwares, LLC, and Jazplus, LLC (collectively, "Defendants") have engaged in coast-to-coast forum shopping relating to their purported intellectual property rights in their Squishmallows products, draining judicial resources along the way. This Court can, and should, put an end to it.

Defendants began their latest litigation campaign[1] by filing a lawsuit and seeking an "*emergency*," *ex parte* temporary injunction from a Florida state court against Build-A-Bear Workshop, Inc. ("Build-A-Bear") concerning Defendants' asserted intellectual property rights under Florida law in their Squishmallows products (the "Florida Lawsuit"). Incredibly, Defendants provided *no notice to Build-A-Bear, and in fact, deliberately hid the lawsuit and request for injunctive relief from Build-A-Bear*. The Florida state court rightly and summarily

---

[1] Over the last seven years, Defendants and related entities have filed 33 lawsuits attempting to assert various intellectual property rights, including common law trade dress rights in their Squishmallows products (they have no federal trade dress registrations or applications pending), historically filing in federal court. However, it appears that Defendants chose to file their *first* lawsuit against Build-A-Bear in Florida state court due to the "unconventional" approach and relief sought (*i.e.,* a "secret" lawsuit seeking an *ex parte* injunction to stop a global retailer's sales of products).

rejected Defendants' underhanded request. In contrast to the initially asserted "emergency" purportedly justifying secretive, *ex parte* proceedings, Defendants thereafter allowed the Florida Lawsuit to languish. Indeed, to this day, Defendants have not served the Florida Lawsuit on Build-A-Bear or taken any further action in the Florida Lawsuit.

Build-A-Bear properly filed its Complaint in this Court seeking a declaration of its rights under federal law, after learning of the allegations made against it in the Florida Lawsuit and the apparent existence of an intellectual property dispute between the parties, and given Defendants' uncertain intentions and failure to move forward with the Florida Lawsuit after their misguided attempt to "sneak one past the goalie" had failed. Apparently undeterred by their failed *ex parte* attack in Florida and just hours after Build-A-Bear filed its Complaint in this Court, Defendants brazenly attempted to try their luck again, this time across the country on the West Coast, by filing a parallel action against Build-A-Bear in the United States District Court for the Central District of California (the "California Lawsuit").

Longstanding and clear Eighth Circuit law squarely prohibits the blatant forum shopping Defendants are attempting. As discussed more fully below, this action—which was filed and served before Defendants' California Lawsuit—must proceed first, and Defendants should be enjoined from pursuing the California Lawsuit pending entry of a final judgment by this Court.

## **BACKGROUND**

**A.      The Florida Lawsuit**

On January 29, 2024, Defendants filed a Verified Complaint in the Circuit Court of Broward County, Florida alleging, *inter alia*, common law trade dress infringement against Build-

A-Bear for the sale of its Skoosherz™ plush toys.  (*See* Exhibit 1.)² That same day, Defendants also filed a "Verified *Ex Parte* Emergency Motion for Temporary Injunction" in which they sought to enjoin Build-A-Bear from selling its Skoosherz™ products.  (*See* Exhibit 2.)  In support of their request for extraordinary, "emergency" relief, Defendants told the Florida state court that no notice of the proceedings or request for an injunction should be provided to Build-A-Bear (or even attempted) because such notice "may well cause Build-A-Bear to destroy . . . and/or hide evidence[.]"  (*Id.*, at 28.)  In a "Request for Emergency Relief" also filed that day, Defendants purported to express concern that Build-A-Bear might remove the case to federal court if it learned of the lawsuit against it.  (*See* Exhibit 3, at 2.)  Defendants also claimed they were being irreparably harmed "every day" and therefore were entitled to immediate, *ex parte* relief.  (*See id.*, at 1.)

Later that same day, the Florida state court denied Defendants' baseless assertion that an "emergency" existed in the first instance.  (*See* Exhibit 4.)  As of the filing of this Motion, Defendants have taken no further action in the Florida state court since that denial.  (*See* Exhibit 5.)

**B.     This Action**

After Build-A-Bear learned of the apparent existence of a dispute between the parties concerning intellectual property matters (despite Defendants' concerted efforts to conceal it, including filing an unsuccessful motion to seal its Complaint and *Ex Parte* Emergency Motion for Temporary Injunction (*see* Exhibit 6)), Defendants took no action to advance the Florida Lawsuit. Build-A-Bear was therefore uncertain as to Defendants' intentions and took the initiative to seek a comprehensive resolution of the dispute on a national basis by filing the instant action on February 12, 2024, and serving Defendants that same day.  (*See* ECF Nos. 1, 7-10.)

---

² Because Build-A-Bear has never been served with the Florida Lawsuit, its access is limited to the publicly available pleadings from the court file, which bear a "Not an Official Copy – Public Access – Not an Official Copy" watermark.

Resolution of this action will refute Defendants' blatantly false allegations concerning the lawfulness of Build-A-Bear's national sales of its Skoosherz™ products, and remove any cloud Defendants have improperly put on Build-A-Bear's good name.

## C.     The California Lawsuit

Build-A-Bear filed the instant action on February 12, 2024 at 9:59 a.m. CST. (*See* E-Filing Receipt, Exhibit 7.)  Defendants filed the California Lawsuit later that same day and, at 4:14 p.m. CST, sent each of the three undersigned counsel for Build-A-Bear an email attaching a copy of the California Lawsuit. (*See* Exhibit 8.)  The California Lawsuit is largely duplicative of the instant action.  In their Complaint, Defendants (who are plaintiffs in the California Lawsuit) attempt to assert claims for trade dress infringement under the Lanham Act and common law, copyright infringement under the Copyright Act, and common law and California statutory unfair competition. *See Kelly Toys Holdings, LLC, et al. v. Build-A-Bear Workshop, Inc.*, 2:24-cv-01169-JLS-MAR, ECF No. 1 (C.D. Cal.).  The allegations and claims in the California Lawsuit arise out of the same facts, transactions, and occurrences as those at issue in Build-A-Bear's earlier-filed Complaint in this Court.  Defendants served Build-A-Bear with the California Lawsuit on February 13, 2024. *See id.*, ECF Nos. 12-13.

## **ARGUMENT**

Because the instant action was filed before Defendants' parallel California Lawsuit, and because the California Lawsuit itself is flagrant forum shopping designed to further harass Build-A-Bear and waste judicial resources,  Defendants should be enjoined from pursuing the California Lawsuit pending issuance of a final judgment by this Court.

A.      **The First-to-File Rule and Injunctive Relief**

Where, as here, litigation is commenced by a party after that party was named in a lawsuit and that subsequent litigation concerns substantially similar matters as the earlier-filed lawsuit, the proper remedy is the issuance of an injunction in the first-filed suit that enjoins the party from pursuing later-filed, duplicative litigation. *See Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993).

Indeed, the Eighth Circuit has recognized that, "[t]he discretionary power of the federal court in which the first-filed action is pending to enjoin the parties from proceeding with a later-filed action in another federal court is firmly established." *Id.* (collecting cases). Such injunctions are not the sort governed by the factors set forth in *Dataphase Systems Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). *See Nw. Airlines*, 989 F.2d at 1004. Rather, the issue "is simply whether, as between two courts both having jurisdiction over the parties and the subject matter of the dispute, the court in which jurisdiction first attached should proceed to adjudicate the controversy and should restrain the parties from proceeding with the later-filed action." *Id.*

To this end, as the Eighth Circuit has explained, it is "well-established" that "in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Id.* at 1005 (quoting *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-49 (8th Cir. 1990) (internal quotation omitted)). While this rule is not "rigid, mechanical, or inflexible" and should be applied "in a manner best serving the interests of justice," the "prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." *Id.* (quoting *United States Fire Ins. Co.*, 920 F.2d at 488-89 (internal quotations and citation omitted)); *see also Pragmatic Software Corp. v. Antrim Design Sys., Inc.*, No. CIV. 02-2595 (JRT/FL, 2003 WL 244804, at *2 (D. Minn. Jan. 28, 2003) (recognizing that, subject to the

5

interests of justice, the first-to-file rule is a "relatively firm rule"); *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334, 1346 (N.D. Iowa 1996), *aff'd,* 119 F.3d 688 (8th Cir. 1997), *cert. denied*, 522 U.S. 1029 (Dec. 15, 1997) ("The 'first-filed rule' has the benefit of being a relatively firm rule that, while providing for the exceptional case, avoids in the main the need for *ad hoc* balancing of innumerable factors on a case-by-case basis and therefore is both more predictable for litigants . . . and more easily applied by the courts . . . ." (internal quotation and alteration omitted)).

Build-A-Bear filed this action before Defendants filed the California Lawsuit.  Build-A-Bear also served Defendants with this action (on February 12, 2024) before Defendants served Build-A-Bear with the California Lawsuit (on February 13, 2024).  Thus, this action was the first-filed action.[3]  And although both this action and the later-filed (and later-served) California Lawsuit were both filed and served in relatively close proximity to one another, the "rebuttable presumption that the first-filed suit should have priority" still applies.  *See, e.g.*, *Aqua-Care Mktg. LLC. v. Hydro Sys., Inc.*, 99 F. Supp. 3d 959, 963–64 (S.D. Iowa 2015) (quoting *Terra Int'l*, 922 F. Supp. at 1353 n.3); *see also Barry-Wehmiller Cos., Inc. v. Marschke*, No. 4:09-CV-760 TIA, 2009 WL 3698009, at *2 (E.D. Mo. Nov. 2, 2009) (holding that the "dead heat" exception to the first-to-file rule did not apply where one suit was filed three hours and seven minutes before the second suit); *Anheuser-Busch, Inc. v. Novelis Corp.*, No. 4:06-CV-1399 RWS, 2007 WL 9805625, at *2 n.1 (E.D. Mo. Jan. 3, 2007) ("Because the Court can determine that the Ohio action was filed almost four hours before this one, the 'dead heat' exception to the first-filed rule does not apply."

---

[3] The Eighth Circuit has not clearly stated whether the first-to-file rule depends on the *filing* of the action or *service* of the action.  *See, e.g.*, *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, No. 19-CV-1653 (PJS/DTS), 2020 WL 13002517, at *6 n.4 (D. Minn. Aug. 20, 2020) (recognizing that "[t]here is some disagreement" on this issue (collecting cases)).  Here, like in *Marden's Ark*, the Court need not resolve this issue because, under both standards, this action was first-filed.  *See id.*

6

(quoting *Terra Int'l*, 922 F. Supp. at 1350)); *Elec. Controlled Sys., Inc. v. Winegard Co.*, No. CV 09-2670 (MJD/AJB), 2010 WL 11497066, at *3 (D. Minn. Jan. 25, 2010) ("The Court concludes that, even though the Iowa and Minnesota actions were filed close in time, the first-filed rule still applies because the record is uncontradicted that the Iowa action was filed first." (collecting cases)).

Further, this action and the California Lawsuit are sufficiently similar to trigger the first-to-file analysis. While "[n]o definitive standard exists to determine which cases are sufficiently overlapping or duplicative to apply the first-to-file rule[, m]any courts look to whether there is 'substantial overlap' between the various actions or whether the cases are 'substantially similar.'" *Marden's Ark, Inc.*, 2020 WL 13002517, at *7 n.5 (collecting cases) (internal citations omitted); *see also Anheuser-Busch*, 2007 WL 9805625, at *1 ("The two cases do not have to be identical but must have issues that substantially overlap." (citing *Monsanto Tech. LLC v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002)). As between this action and the California Lawsuit, there is more than "substantial overlap" or "substantial[] similar[ity]." Among other things: (1) the products in which Defendants assert their intellectual property rights (the Squishmallows products) are the same in both actions; (2) Build-A-Bear's accused products (the Skoosherz™ plush toys) are the same in both cases; (3) the principal claims of infringement and validity center around Defendants' claimed trade dress rights under the Lanham Act; and (4) the parties are identical. Indeed, the only differences are that Defendants' later-filed California Lawsuit adds a federal copyright claim for just two of Build-A-Bear's Skoosherz™ plush toys as well as California state law trade dress and unfair competition claims, which include overlapping issues compared to the Lanham Act claims.

As a result, absent compelling circumstances to the contrary, Defendants must be enjoined from pursuing the California Lawsuit during the pendency of this action. *See, e.g.*, *Nw. Airlines*, 989 F.2d at 1004. As discussed below, the facts of this case do not warrant departure from the first-filed presumption, and indeed further militate in favor of the issuance of the injunction.

**B.      No Compelling Circumstances Warrant Departure from the First-Filed Presumption**

In considering whether to depart from the first-filed presumption, the Court must examine the particular facts and circumstances for: (i) the existence of bad faith; (ii) whether a "race to the courthouse" occurred; and (iii) whether any undue burden would result from litigating in the first-filed forum. *See Nw. Airlines*, 989 F.2d at 1007. In the end, the Court must consider whether enjoining later-filed, duplicative litigation is warranted given "the spectre of duplicative efforts and costs and of inconvenience to the parties, together with the waste of judicial resources inherent in parallel litigation." *Id.* As the parties against whom the first-to-file rule would be applied, Defendants bear "the burden of showing compelling circumstances." *Lewis & Clark Reg'l Water Sys., Inc. v. Carstensen Contracting, Inc.*, 339 F. Supp. 3d 886, 892 (D.S.D. 2018). Defendants cannot come close to making such a showing, as the undisputed facts clearly demonstrate that *Defendants—not Build-A-Bear—*have engaged in blatant, bad-faith forum shopping.

First, Defendants engaged in bad faith litigation tactics by filing the Florida Lawsuit, in which they asserted that an "emergency" existed requiring the Florida state court to issue an *ex parte* injunction (with no notice) against Build-A-Bear, only to thereafter apparently abandon that litigation and not even serve Build-A-Bear with the Florida Lawsuit. Moreover, Defendants told the Florida state court that this matter was an "emergency" and they needed immediate injunctive relief, but subsequently filed the California Lawsuit (*after* Build-A-Bear filed this action) in which they seek only a permanent injunction, and are not even alleging the need for preliminary relief,

8

much less that an "emergency" exists.  This kind of duplicitous conduct evidences bad faith on the part of Defendants.

Second, Build-A-Bear commenced these proceedings only after Defendants appeared to have given up on the Florida Lawsuit after their sneak attack on Build-A-Bear failed.  In other words, despite their best efforts to conceal their litigation conduct, Defendants made known their belief that a dispute exists with Build-A-Bear relating to the Squishmallows products and Skoosherz™ plush toys, but took no further action to resolve that dispute after the Florida state court shut down Defendants' covert scheme.  Build-A-Bear rightly commenced these proceedings to resolve that dispute on a national basis, as the dispute did not appear likely to be resolved in the Florida state court.[4]  *See Nw. Airlines*, 989 F.2d at 1007 (explaining that plaintiff's suit was not filed in anticipation of defendant's lawsuit because defendant's lawsuit "was not truly contemplated until after [plaintiff] had filed its action").  Build-A-Bear was not required to wait by idly to see whether Defendants would pursue the apparent dispute by commencing separate proceedings against Build-A-Bear elsewhere.  *See, e.g.*, *Nw. Airlines, Inc. v. Filipas*, No. CIV 07-4803 JNE/JJG, 2008 WL 1773756, at *4 (D. Minn. Apr. 15, 2008) (agreeing with Washington court's conclusion that party who filed declaratory judgment action "was not under an obligation to sit quietly and wait for plaintiffs to make up their minds" regarding whether or not they would sue).  Build-A-Bear was fully entitled to commence these proceedings, to which the later-filed California Lawsuit must yield.  *See Nw. Airlines*, 989 F.2d at 1007 (affirming the district court's

---

[4] The passage of time has proven Build-A-Bear's belief to be well-founded.  Again, as of the filing of this Motion, Defendants have taken no action to pursue the Florida Lawsuit.  Instead, Defendants improperly filed separate litigation in federal court—the California Lawsuit—after Build-A-Bear filed this action.  As noted, the "emergency" Defendants urged the Florida state court to immediately enjoin without prior notice to Build-A-Bear has apparently subsided, as Defendants seek only permanent injunctive relief in the California Lawsuit.

conclusion that plaintiff did not act in bad faith or race to the courthouse because plaintiff brought its action to remove the chilling effect imposed by defendant's assertion that plaintiff was violating the law).

Third, it was *Defendants'* later-filed litigation—the California Lawsuit—that was reactionary, not the instant Declaratory Judgment Complaint. Defendants filed a lawsuit in Florida, in attempted secrecy, concerning this plush toy product dispute. Defendants then apparently abandoned that lawsuit once their requested relief was denied and they lost credibility with the Florida state court.[5] Then, after Build-A-Bear commenced this action to ensure resolution of the apparent intellectual property dispute, Defendants filed the California Lawsuit. If there was any race to the courthouse, it was by Defendants, not Build-A-Bear.

Given all of the foregoing, the relevant circumstances, including the lack of any plausible undue burden that would result from Defendants litigating this matter in this forum, only reinforce application of the first-filed presumption in favor of Build-A-Bear.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff Build-A-Bear Workshop, Inc. respectfully requests that this Court enjoin the Defendants from proceeding in the California Lawsuit in favor of this first-filed action.

---

[5] In its denial (Exhibit 4) of Defendants' *ex parte* motion as not qualifying as an "emergency," the Florida state court cited its own Administrative Order regarding civil emergency matters (Administrative Order 2021-50-CIV) (*available at* https://www.17th.flcourts.org/wp-content/uploads/2021/09/2021-50-Civ.pdf), which in turn states that "an attorney or party who seeks 'emergency' review loses credibility when the court determines there is no true emergency." (citing *USAA Cas. Ins. Co. v. Pembroke Pines MRI, Inc.*, 24 So. 3d 588 (Fla. 4th DCA 2009)).

10

                                              Respectfully submitted,

Dated: February 16, 2024                    **LEWIS RICE LLC**

                                  By:  /s/  Michael J. Hickey
                                          Michael J. Hickey, #47136(MO)
                                          mhickey@lewisrice.com
                                          Philip J. Mackey, #48630(MO)
                                          pmackey@lewisrice.com
                                          Allison E. Knopp, #74724(MO)
                                          aknopp@lewisrice.com
                                          600 Washington Avenue, Suite 2500
                                          St. Louis, Missouri 63101
                                          (314) 444-7630
                                          (314) 612-7630 (fax)

                                          ***Attorneys for Plaintiff***
                                          ***Build-A-Bear Workshop, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of February 2024, a copy of the foregoing was filed electronically. Further, I certify that a true and accurate copy of the foregoing will be served on Defendants' Registered Agent, Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808, with a courtesy copy provided by email to:

Moez M. Kaba
Hueston Hennigan LLP
523 West 6th Street
Suite 400
Los Angeles, CA 90014
mkaba@hueston.com

*Attorneys for Defendants*

                                                 /s/ Michael J. Hickey