# EXHIBIT 3

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

JAZWARES, LLC, a Delaware
Limited Liability Company, KELLY
TOYS HOLDINGS, LLC, a Delaware
Limited Liability Company, KELLY
AMUSEMENT HOLDINGS, LLC, a
Delaware Limited Liability Company,
And JAZPLUS, LLC, a Delaware
Limited Liability Company,

    Plaintiff,

vs.

BUILD-A-BEAR WORKSHOP, INC.,
a Delaware Corporation,

    Defendant.

_____/

## REQUEST FOR EMERGENCY RELIEF

    The attached motion, appeal, or petition meets criteria for consideration for emergency relief pursuant to Amended Administrative Order 2014-32-CIV/014-32-CO:

1. The nature of the emergency:

**Every day that goes by, tens of thousands of consumers are deceived by Defendant's conduct and Plaintiffs suffer irreparable harm. Plaintiffs are among the world's leading manufacturers and distributors of high-quality plush toys and other consumer products. In 2016, their distinctive line of plush toys branded "Squishmallows" was released. Often referred to as just "Squish," Squishmallows are some of the most well-known and fastest growing toys in the world.**

    **Rather than competing fairly, Defendant is copying, imitating, and profit off of the**

popularity and goodwill of Squishmallows, by confusing consumers into buying Build-A-Bear's copycat. Specifically, in January 2024, Defendant Build-A-Bear announced the release of its "Skoosherz" plush toys—toys that look exactly like the well-known Squishmallows—they are identical. Defendant is marketing these products to consumers and, as evidenced by Defendant's social media, tens of thousands of consumers are being confused daily.

To carry out its plan, Build-A-Bear reached out to the manufacturer of Squishmallows (in China) and asked the manufacturer to make the violative products. When the manufacturer expressed concerns that the items were a Squishmallows copycat, Build-A-Bear first incorrectly represented that such copycat products were permitted because the products were sold in the public domain, and then sent another correspondence directing the manufacturer and produce the violative goods. The manufacturer indicated that emails were confidential.

In other words, the last time Build-A-Bear was given notice of potential wrongdoing, they pushed ahead and demanded the production of more products—86,000 units to be exact. The communications between Build-A-Bear and the manufacturer are only within the possession of Build-A-Bear and a Chinese manufacturer. While the manufacturer told Kelly Toys of Build-A-Bear's conduct, it would be near impossible to force the manufacturer produce the correspondence. Moreover, there is a concern that once Build-A-Bear receives notice it will try to improperly remove the case to federal court to temporarily divest this Court of jurisdiction pending remand, in order to delay the process. Simply stated, because of (1) the fact that the last time Build-A-Bear was given notice, it proceeded in-spite of the notice it to produce and launch nearly 90,000 of the violative

**products (2) the potential that Build-A-Bear may destroy information that is otherwise unobtainable if it is given notice, and (3) the risk that Build-A-Bear will attempt to delay any hearing by (improperly) removing the case to federal court before any hearing, this motion must be heard and considered *ex-parte*. If Defendant is given notice of this motion and Plaintiffs' Verified Complaint, the danger of Defendant taking additional actions to harm Plaintiffs and the public is "real and not merely speculative," indeed, it has already occurred once.**

Plaintiffs' Verified Complaint for damages and injunctive relief and Plaintiffs' Verified Ex Parte Emergency Motion for Temporary Injunction are submitted herewith.

2. A court order is not at issue.

3. This request for emergency relief has not been previously denied by any Judge.

*<u>I hereby certify there exists a reasonably objective basis to request emergency relief as set forth in the attached motion.</u>*

Name: Jordan A. Shaw, Esq.
Address: 110 SE 6th Street, Ste. 2900, Ft. Lauderdale, FL 33301
Phone: (954) 595-6072

Dated: January 29, 2024.

　　*/s/ Jordan A. Shaw*
Signature of Counsel

[2534333/1]　　　　　　　　　　3

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on January 29, 2024, a true and correct copy of the foregoing was furnished via Florida Courts eFiling Portal contemporaneous with Plaintiffs' Verified Complaint and Plaintiffs' Verified Motion for Ex Parte Emergency Temporary Injunction.

ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 S.E. 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Telephone: (954) 595-6060
Facsimile: (954) 989-7781
Email: ezebersky@zpllp.com; jshaw@zpllp.com; zludens@zpllp.com; lpalen@zpllp.com; mlomastro@zpllp.com

  /s/ Jordan A. Shaw
EDWARD H. ZEBERSKY, ESQ.
Fla. Bar No.: 908370
JORDAN A. SHAW, ESQ.
Fla. Bar No.: 111771
ZACHARY D. LUDENS, ESQ.
Fla. Bar No.: 111620
LAUREN N. PALEN, ESQ.
Fla. Bar No.: 1038877

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY