# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BUILD-A-BEAR WORKSHOP, INC., | Case No. 4:24-cv-00211-MTS |
| Plaintiff, | Hon. Matthew T. Schelp |
| vs. | |
| KELLY TOYS HOLDINGS, LLC, KELLY AMUSEMENT HOLDINGS, LLC, JAZWARES, LLC, and JAZPLUS, LLC, | |
| Defendants. | |

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN DEFENDANTS

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND BACKGROUND ....................................................................... 1

II. ARGUMENT ........................................................................................................................ 5

    A. Compelling Circumstances Demand Setting Aside Application of the First-to-File Rule, Requiring Dismissal of This Suit ..................................... 5

        1. Both of the Eighth Circuit's "Red Flags" Showing Compelling Circumstances Are Present in This Case .............................. 6

        2. Other Factors Courts Consider in the Compelling Circumstances Analysis Also Favor Dismissal of This Case and Denial of the Motion ........................................................................ 8

        3. Build-A-Bear's Arguments Against Finding Exceptional Circumstances Are Meritless ................................................................. 10

    B. The California Case is the First Case In Which Jurisdiction Attached ................................................................................................................ 13

III. CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

Page

**Cases**

*Anheuser-Busch, Inc. v. Supreme Int'l Corp.*,
    167 F.3d 417 (8th Cir. 1999) ............................................................................. passim

*BASF Corp. v. Symington*,
    50 F.3d 555 (8th Cir. 1995) ..................................................................................... 1, 4, 8

*Bhd. of Maint. of Way Employes Div./IBT v. Union Pac. R.R. Co.*,
    485 F. Supp. 3d 1048 (D. Neb. 2020) ........................................................................... 6

*Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*,
    57 F.3d 638 (8th Cir. 1995) ..................................................................................... 3, 6

*BuilderTrend Sols., Inc. v. VBConversions, LLC*,
    2017 WL 6017507, at *4 (D. Neb. Oct. 4, 2017) ......................................................... 8

*Creative Compounds, LLC v. Sabinsa Corp.*,
    2004 WL 2601203 (E.D. Mo. Nov. 9, 2004) ............................................................. 6, 7

*Eveready Battery Co. Inc. v. L.P.I. Consumer Products, Inc.*,
    464 F. Supp. 2d 887 (E.D. Mo. 2006) ..................................................................... 6, 10

*Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005) ................................................................................................... 1

*FirsTier Bank, N.A. v. G-2 Farms*,
    1996 WL 539217 (D. Neb. Mar. 11, 1996) .............................................................. 4, 13

*Koch Eng'g Co. v. Monsanto Co.*,
    621 F. Supp. 1204 (E.D. Mo. 1985) ........................................................................... 10

*Laws v. Sony Music Entm't, Inc.*,
    448 F.3d 1134 (9th Cir. 2006) ..................................................................................... 2

*Mastercard Int'l v. ACI Worldwide Corp.*,
    2014 WL 2945779 (E.D. Mo. June 30, 2014) ............................................................ 14

*Mckinney Drilling Co., LLC v. Liberty Mut. Ins. Co.*,
    2016 WL 3349326 (W.D. Ark. June 15, 2016) ........................................................... 13

*Midwestern Indem. Co. v. H&L Associates of Kansas City, LLC*,
    2013 WL 12142651 (W.D. Mo. Jan. 22, 2013) ............................................. 4, 7, 9, 10

*Nw. Airlines, Inc. v. Am. Airlines, Inc.*,
    989 F.2d 1002 (8th Cir. 1993) ................................................................. 4, 11, 12, 13

*Nw. Airlines, Inc. v. Filipas*,
  2008 WL 1773756 (D. Minn. Apr. 15, 2008) ............................................................................ 11

*Orthmann v. Apple River Campground, Inc.*,
  765 F.2d 119 (8th Cir. 1985) ........................................................................................... passim

*Rural Media Grp., Inc. v. Performance One Media, LLC*,
  697 F. Supp. 2d 1097 (D. Neb. 2010) ............................................................................ 5, 13, 14

*Welsher v. Frito-Lay N.A., Inc.*,
  2014 WL 7331017 (W.D. Ark. Dec. 19, 2014) ..................................................................... 13

## <u>Rules</u>

Fla. R. Civ. P. 1.610(a)(1) ................................................................................................................ 10

Fla. R. Civ. P. 1.350 ........................................................................................................................ 11

Fla. R. Civ. P. 1.070(j) ................................................................................................................. 1, 11

I.      **INTRODUCTION AND BACKGROUND**

Long-established Eighth Circuit precedent recognizes the "traditional right" of injured parties "to choose the forum and time of suit." *BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995). And the Supreme Court has certified the right of injured parties to maintain related actions in federal and state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("This Court has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (cleaned up)).

Plaintiff Build-A-Bear Workshop, Inc. ("Build-A-Bear") ignores these well-established principles in moving for an injunction to stop Defendants[1] from proceeding in the forum they chose in the Central District of California ("California Case"). It improperly seeks to wrest away forum choice from Defendants who, in these circumstances, are considered by the Eighth Circuit to be the true "natural plaintiff[s]." *BASF*, 50 F.3d at 557 ("[Defendant] claims injury by [plaintiff], and is therefore the natural plaintiff."). And it relies on incredibly weak arguments to justify keeping this case in Missouri, including that it had a right to file in Missouri because Defendants somehow "abandoned" their claims and allowed them to "languish" by not serving their Florida state court complaint within just *14 days*. Fla. R. Civ. P. 1.070(j) (providing *120 days* to serve a complaint).[2]

Likewise, Build-A-Bear's attempt to characterize Defendants' litigation actions as anything other than the injured parties attempting to vindicate their legal rights falls flat. Defendants sell Squishmallows toys, which were the top-selling toy in the United States in 2023.

---

[1] Defendants are Kelly Toys Holdings, LLC ("Kelly Toys"), Jazwares, LLC ("Jazwares"), Kelly Amusement Holdings, LLC ("Kelly Amusement"), and Jazplus, LLC ("Jazplus").

[2] Defendants have now served the Complaint in the Florida Case on Build-A-Bear, along with, as permitted by Florida state law, discovery requests. (ECF 18-2 ¶ 5.)

(ECF 18-3 ¶ 2.)  In January 2024, Build-A-Bear launched a new line of products named "SKOOSHERZ" that the *public* called, among other things, a "squishmallow knockoff" that is "just trying to copy Squishmallow[s]." (*Id.* ¶ 5.)  Based on this obvious trade dress infringement as part of a nationwide marketing campaign by a well-known company like Build-A-Bear, Defendants were forced to seek legal relief to stop the harm inflicted on them.

As Jazwares and Jazplus maintain their principal place of business in Florida, Defendants in January 2024 first filed a state court case in Florida asserting Florida common law claims relating to trade dress infringement ("Florida Case").  (ECF 12-1.)  They sought an emergency injunction under Florida state law, which was denied for procedural reasons due to the absence of Build-A-Bear but without any commentary on the substance of Defendants' claims.  (ECF 12-4.)  Defendants then began preparing a federal complaint asserting federal claims, including claims for copyright infringement which cannot be brought under state law due to federal preemption.  *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006) (holding that the Copyright Act preempts common law and state law claims relating to copyrights).  Since Kelly Toys owns the asserted copyrights and is based in Los Angeles, California (Complaint ¶ 3), Defendants intended to file their case in the Central District of California, as they had done mere months ago against a different infringer.  (*Id.* at 13 (Defendants filed in C.D. Cal. on November 2, 2023).)  Defendants' decisions about which fora to litigate in are well within their legal rights.

Yet on the *same day* (indeed just a couple of hours before) Defendants filed the California Case, Build-A-Bear raced to this courthouse in Missouri.  (*See* Complaint.)  Build-A-Bear exclusively seeks declaratory relief of invalidity and non-infringement relating just to Defendants' federal trade dress rights.  (*Id.* at 1.)  In contrast, the California Case involves copyright, trade

6545082

dress, and other claims seeking damages and injunctive relief to stop Build-A-Bear's infringing acts.  (*See* ECF 18-3 (Complaint in California Case) ¶¶ 56-86.)

Though Defendants filed first in Florida, are the "true" plaintiffs, *and* filed the California case mere hours after Build-A-Bear's filing, Build-A-Bear still insists that this dispute must remain in Missouri because it was "first-filed."  (ECF 11.)  It thus seeks an injunction from this Court to stop the proceedings in the California Case.  (ECF 12.)  Build-A-Bear's Motion easily fails for two independently dispositive reasons.

*First*, even assuming this case is the first-filed case, the Eighth Circuit affirms dismissal of first-filed cases where: (1) the plaintiff "was on notice that [defendant] was going to file suit"; and (2) the first-filed "action was for a declaratory judgment."  *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999); *Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*, 57 F.3d 638 (8th Cir. 1995) (similar).  Both factors identified by the Eighth Circuit are present here.  The Complaint makes clear Build-A-Bear became aware of the existence of a dispute because Defendants filed the Florida Case, *and* knew that Defendants' recent practice was to file its federal copyright and trade dress claims in California.[3]  (Complaint ¶ 12; *id.* at 13.)  And Build-A-Bear also admits that this case "is a declaratory judgment action."  (*Id.* at 1.)  Confronted with similar facts *and* the declaratory judgment plaintiff's decision to file quickly after being put on notice, the Eighth Circuit has held that "[t]his short period of time suggests that [plaintiff] raced to the courthouse to usurp [defendant's] forum choice."  *Anheuser-Busch*, 167 F.3d at 419.

---

[3] Defendants filed federal claims in California because Kelly Toys' principal place of business is in Los Angeles (Complaint ¶ 3) and is the entity that owns the asserted copyrights (ECF 18-3 ¶ 14), an infringement claim for which must be brought under federal law, the Copyright Act.

Others factors also justify the denial of Build-A-Bear's Motion in favor of the California Case. The California Case "is more comprehensive" and so "the parties' dispute can be more fully resolved there." *Midwestern Indem. Co. v. H&L Associates of Kansas City, LLC*, 2013 WL 12142651, at *3 (W.D. Mo. Jan. 22, 2013). In addition, Build-A-Bear filed this case mere *hours* before Defendants filed the California Case and so "there is little to be gained from proceeding with this Missouri case." *Id.* Likewise, this case "does not further the Declaratory Judgment Act's purpose" because Build-A-Bear can obtain the same "adjudication" in the California Case at the same speed as in this case. *Id.* (purpose of Declaratory Judgment Act is to "enable a party threatened with liability to obtain early adjudication"). Indeed, "[a] suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed." *BASF*, 50 F.3d at 558 (cleaned up).

Where, as here, compelling circumstances exist to set aside the first-to-file rule, the Eighth Circuit affirms dismissal of first-filed suits. *See, e.g.*, *Anheuser-Busch*, 167 F.3d at 419 (affirming dismissal of first-filed suit in favor of second-filed suit because plaintiff "raced to the courthouse to usurp [defendant's] forum choice").

*Second*, the California Case is the first-filed case and thus *this* case must be dismissed under the first-to-file rule. As Build-A-Bear concedes, in the Eighth Circuit, "where two courts have concurrent jurisdiction, the first court in which *jurisdiction attaches* has priority to consider the case." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (emphasis added); *see also* Pls.' Mot. at 5. Therefore, "the first-filed rule gives priority . . . to the party who first *establishes jurisdiction*." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) (emphasis added). Jurisdiction is established not when a case is filed, but when a court resolves all disputes about jurisdiction. *See FirsTier Bank, N.A. v. G-2 Farms*, 1996 WL 539217,

at *3 (D. Neb. Mar. 11, 1996) ("[I]t matters not that defendants actually filed their lawsuit [] before plaintiffs filed their petition []; jurisdiction must have attached in the [] court in order for that lawsuit to be considered filed before the [other] action.").

Here, Defendants, non-Missouri citizens, vigorously challenge in their Motion to Dismiss, filed earlier today, whether Missouri has personal jurisdiction over them.  In contrast, Build-A-Bear is not challenging jurisdiction in the California Case.  Therefore, because jurisdiction "attached" first in the California Case, it is the first-filed case.  *See Rural Media Grp., Inc. v. Performance One Media, LLC*, 697 F. Supp. 2d 1097, 1113 (D. Neb. 2010) (holding that the "Northern District of Texas is the 'first court in which jurisdiction attache[d]'" because there are no disputes about "personal jurisdiction" in Texas, unlike in the Nebraska case (citing *Orthmann*, 765 F.2d at 121)).  And because Build-A-Bear cannot show any "compelling circumstances" to set aside the application of the first-to-file rule, this case must be dismissed.  *Id.*

In sum, Build-A-Bear's Motion has it exactly backwards.  Under controlling Eighth Circuit authority, the proper remedy is dismissal *of this case*.  *See, e.g.*, *Anheuser-Busch*, 167 F.3d at 419 (affirming dismissal).  Therefore, Build-A-Bear's request for an injunction stopping the California Case must be denied.

## II. ARGUMENT

### A. Compelling Circumstances Demand Setting Aside Application of the First-to-File Rule, Requiring Dismissal of This Suit

Courts generally "follow a 'first to file' rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Orthmann*, 765 F.2d at 121.  However, "[t]he rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." *Id.*

Accordingly, "the first-filed rule yields to the interests of justice and will not be applied where a court finds compelling circumstances supporting its abrogation." *Bhd. of Maint. of Way Employees Div./IBT v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048, 1063-64 (D. Neb. 2020) (cleaned up).

Even if this case is considered first-filed (it should not be, as discussed further below), it is clear under Eighth Circuit precedent that compelling circumstances exist to set aside the application of the first-to-file rule to allow the California Case to proceed.

        1.    <u>Both of the Eighth Circuit's "Red Flags" Showing Compelling Circumstances Are Present in This Case</u>

"The [Eighth] Circuit has discussed two 'red flags' [that] signal[] potentially 'compelling circumstances' [that] may warrant an exception to the first-filed rule." *Eveready Battery Co. Inc. v. L.P.I. Consumer Products, Inc.*, 464 F. Supp. 2d 887, 890 (E.D. Mo. 2006). These are "first, that the 'first' suit was filed after the other party gave notice of its intention to sue; and second, that the action was for declaratory judgment rather than for damages or equitable relief." *Boatmen's*, 57 F.3d at 641. Presence of these two factors indicate that the first-filed action "was an attempt to deprive the real plaintiff of his or her choice of forum by winning a race to the courthouse." *Creative Compounds, LLC v. Sabinsa Corp.*, 2004 WL 2601203, at *2 (E.D. Mo. Nov. 9, 2004).

Both factors are present here. *Id.* at *3 (granting dismissal because "[t]hese facts indicate that [] declaratory judgment action was an attempt to beat [] inevitable lawsuit in a race to the courthouse").

*First*, Defendants put Build-A-Bear on notice of its intent to file suit to enforce its trade dress rights before this case was filed. As Build-A-Bear acknowledges, the *same* parties who are Defendants in this case filed the Florida Case on January 29. (Complaint ¶ 64 (admitting that

Defendants asserted the same trade dress rights in the Florida Case).) In reaction, Build-A-Bear filed this case relating to the same trade dress rights just *two weeks* later, on February 12. (*See generally* Complaint.) The first factor is thus met. *See, e.g.*, *Anheuser-Busch*, 167 F.3d at 419 (holding that a declaratory judgment plaintiff "was on notice that [the other party] was going to file suit" where "[l]ess than two weeks passed from the time [defendant] sent its cease and desist letter to [plaintiff] to the time [defendant] filed the Florida action"); *Creative Compounds*, 2004 WL 2601203, at *3 (prior notice where declaratory judgment defendant "guaranteed prompt legal action" in a cease and desist letter and "fulfilled this guarantee by filing its lawsuit five days after the deadline had passed").

*Second*, Build-A-Bear's Complaint is clear that it is only asserting declaratory judgment claims. Build-A-Bear titled its Complaint, "Complaint for Declaratory Judgment" and states multiple times on the first page that it is a "declaratory judgment action." (Complaint at 1.) Indeed, it labeled both of its claims with the term "Declaratory Judgment." (*Id*. at 33 ("Declaratory Judgment of Invalidity and Unenforceability of the Claimed Squishmallows Trade Dress"); *id.* at 36 ("Declaratory Judgment of Non-Infringement of the Claimed Squishmallows Trade Dress").) And Build-A-Bear seeks only "declaratory judgment" as the relief for its claims. (*Id*. ¶¶ 70, 76.) The second factor is thus also met. *See, e.g.*, *Anheuser-Busch*, 167 F.3d at 419 (compelling circumstances where first "action was for a declaratory judgment").

Where, as here, both Eighth Circuit "red flags" are present, district courts routinely find compelling circumstances to dismiss the first-filed case in favor of the later-filed case *and* deny plaintiff's request for an injunction enjoining the second-filed case. *See, e.g.*, *Midwestern Indem.*, 2013 WL 12142651 at *3 (dismissing case and denying motion to enjoin as "moot" where both red flags were present); *Creative Compounds*, 2004 WL 2601203, at *3 (similar).

2. Other Factors Courts Consider in the Compelling Circumstances Analysis Also Favor Dismissal of This Case and Denial of the Motion

Other factors considered by courts in analyzing whether compelling circumstances exist also support denying Build-A-Bear's Motion.

*First*, strictly enforcing the first-to-file rule to allow this case to proceed runs counter to the well-established principle in the Eighth Circuit to allow true plaintiffs to pick their forum. "A suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed." *BASF*, 50 F.3d at 558 (cleaned up). Courts dismiss such suits to "ensure that the declaratory plaintiff is not motivated by forum-shopping concerns." *Id.*

Here, Build-A-Bear's decision to file in Missouri was clearly motivated by forum-shopping. Defendants first filed the Florida Case to assert Florida state law trade dress and related claims. (ECF 12-1.) And Build-A-Bear admits in its Complaint that it was on notice that Defendants had recently filed *federal* trade dress and copyright claims against another infringer in the Central District of California. (Complaint at 13 (citing a California complaint against Zuru, LLC, dated November 2023).) Yet despite being on notice that Defendants had previously filed in California, Build-A-Bear raced to file this case in Missouri to "usurp" Defendants' forum choice. *BuilderTrend Sols., Inc. v. VBConversions, LLC*, 2017 WL 6017507, at *4 (D. Neb. Oct. 4, 2017) ("A short period of time between notice of intent to sue and the filing suggests that the first-filer raced to the courthouse to usurp the natural plaintiff's forum choice."). Put simply, the choice to file in Missouri was a transparent effort to improperly force its preferred forum on Defendants.

*Second*, under Eighth Circuit precedent, the existence of jurisdictional disputes in this case favors dismissal in favor of the California Case. Where an "identical lawsuit is proceeding without

- 8 -

jurisdictional problems" in another federal court and the defendant in the first-filed case challenges personal jurisdiction, the Eighth Circuit holds that "the federal comity doctrine is best served in this case by dismissing" the first-filed case. *Orthmann*, 765 F.2d at 121.

That is precisely the case here. Defendants dispute whether there is personal jurisdiction over them in Missouri. (ECF 17.) In contrast, Build-A-Bear is not challenging personal jurisdiction in California. (ECF 18-2 ¶¶ 3-4.) Therefore, under the "federal comity doctrine," this case should be dismissed in favor of the California Case. *Orthmann*, 765 F.2d at 121.

*Third*, the California Case "is more comprehensive, and the parties' dispute can be more fully resolved there." *Midwestern Indem.*, 2013 WL 12142651, at *3. Build-A-Bear "seeks only a declaratory judgment in the instant Missouri case, while [Defendants] seek monetary damages and other relief in its [California] case." *Id*. Also, unlike this case, the California Case includes Kelly Toys' federal copyright claim against Build-A-Bear. (*See* ECF 18-3 ¶¶ 79-86.)

*Fourth*, there is no meaningful difference between the time this Case and the California Case were filed. Build-A-Bear filed this case just a few *hours*, on the same day, before Defendants filed the California Case. (ECF 12 at 2 ("just hours").) Therefore, "there is little to be gained from proceeding with this Missouri case." *Midwestern Indem.*, 2013 WL 12142651, at *3 ("little to be gained" where plaintiff "filed this case a mere eight days before [second-filed] case").

*Fifth*, "proceeding with this case does not further the Declaratory Judgment Act's purpose," which is to "enable a party threatened with liability to obtain early adjudication, without waiting until its adversary sees fit to file suit." *Id*. Since the California Case is proceeding at the same speed as this case, proceeding with this case does not provide Build-A-Bear with "early adjudication." It is thus proper for the Court to exercise its discretion to decline to hear Build-A-Bear's petition for declaratory judgment. *See Koch Eng'g Co. v. Monsanto Co.*, 621 F. Supp.

1204, 1206, 1208 (E.D. Mo. 1985) (exercising "discretion of the district court" to decline to "make a declaration of rights" where "suit in the Southern District of Texas will fully resolve the controversy between the parties").

When faced with similar facts as here, courts routinely find sufficient compelling circumstances to dismiss first-filed declaratory judgment actions. *See, e.g.*, *Anheuser-Busch*, 167 F.3d at 419 (affirming dismissal of first-filed suit in favor of second-filed suit because plaintiff "raced to the courthouse to usurp [defendant's] forum choice"); *Midwestern Indemnity*, 2013 WL 12142651, at *3 (dismissing case in favor of Kansas forum where "the Court finds there are compelling circumstances to disregard the first-to-file rule"); *Eveready Battery*, 464 F. Supp. 2d at 892 (dismissing case where "the balance weighs in Defendant's favor and warrants an exception to the first-filed rule").  This Court should do the same.

### 3. Build-A-Bear's Arguments Against Finding Exceptional Circumstances Are Meritless

Build-A-Bear does not address any of the above relevant factors in its opening brief. Instead, it makes three arguments in support of its meritless claim that Defendants "engaged in blatant, bad-faith forum shopping." (ECF 12 at 8.)  All fail.

*First*, Build-A-Bear argues that Defendants acted improperly in filing the Florida Case by seeking an emergency injunction without notice and then abandoning it. (ECF 12 at 8.)  Neither is true.  Florida law *expressly* allows plaintiffs to file for emergency injunctions without notice. Fla. R. Civ. P. 1.610(a)(1) (providing that "[a] temporary injunction may be granted without written or oral notice to the adverse party").  And Defendants could not have "abandon[ed]" the litigation simply because they did not serve the complaint within 13 days of filing, when Florida law provides *120 days* to serve a complaint. Fla. R. Civ. P. 1.070(j).  Indeed, it is typical in Florida

practice to serve the complaint *with* discovery requests, which necessarily take more time to put together.  Fla. R. Civ. P. 1.350 ("Without leave of court the [discovery] request may be served on the plaintiff after commencement of the action and on any other party *with* or after *service of the process and initial pleading on that party*." (emphasis added)).  Significantly, Build-A-Bear cites no law holding that a party acting within the timeframe and procedures of state law somehow represents "bad faith litigation tactics."  (ECF 12 at 8-9 (no cited authority for first argument).)[4]

*Second*, Build-A-Bear argues that because Defendants did not serve the complaint in the Florida Case or file the California Case *immediately*, they must have "given up" on their claims.  (ECF 12 at 9-10.)  But Build-A-Bear cites *no law* holding that the failure to take such action within 14 days—the number of days between when the Florida Case was filed and when this and the California Case were filed—is enough to find that Defendants "gave up" their claim.  Indeed, each of the cases it cites in support of this argument involved *far greater* alleged delays.  (ECF 12 at 9 (citing *Nw. Airlines*, 989 F.2d at 1007 (*nine weeks* between defendant sending a notice of potential suit and the plaintiff filing a declaratory judgment action); *Nw. Airlines, Inc. v. Filipas*, 2008 WL 1773756, at *2 (D. Minn. Apr. 15, 2008) (*four months* between defendant filing suit on related issues and plaintiff filing a declaratory judgment action).)

Indeed, the Eighth Circuit held in *Anheuser-Busch* that "less than two weeks," essentially the same timeframe at issue here, is a "short period of time."  167 F.3d at 419.  And the Eighth Circuit additionally held that the declaratory judgment plaintiff's decision to file in its preferred forum within that "short period of time" was a "race[] to the courthouse to usurp [the declaratory

---

[4] Build-A-Bear also claims, again without any authority, that Defendants engaged in bad faith by not seeking preliminary relief in the California Case.  (ECF 12 at 8-9.)  Defendants are not aware of any law prohibiting Defendants from seeking preliminary relief under state law based on specific state law procedures but deciding not to do so in federal court.

judgment defendant's] forum choice." *Id.* In sum, Build-A-Bear's argument that Defendants somehow delayed in prosecuting their claims is directly counter to Eighth Circuit precedent and thus cannot be a basis to deny finding exceptional circumstances.

*Third*, again citing no law in support, Build-A-Bear claims that the California Case is reactionary to this case. (ECF 12 at 10.) This argument ignores the facts. *Defendants* filed the Florida Case first on January 29, 2024. (ECF 12-1.) Build-A-Bear admits in its Complaint that it then filed this case in *reaction* to Defendants filing the Florida Case. (Complaint ¶ 12 (admitting that this case was filed in reaction to the Florida Case).) Coincidentally, Defendants filed the California Case, as Build-A-Bear acknowledges, mere *hours* later, not months, weeks, or even days later.[5] (ECF 12 at 2 (admitting that Defendants filed the California Case "just hours after Build-A-Bear filed its Complaint in this Court").) *C.f. Nw. Airlines*, 989 F.2d at 1007 (reactionary filing when declaratory judgment defendant filed in a different forum "six weeks" after the declaratory judgment case). Defendants' decision to file federal claims in California was thus, as Build-A-Bear's Complaint acknowledges, consistent with its past practice. (Complaint at 13 (Zuru case filed on November 2, 2023, in C.D. Cal.).)

Build-A-Bear's arguments therefore do not, and cannot, counter Defendants' strong evidence for exceptional circumstances that require dismissal of this case in favor of the California Case. Its Motion must be denied.

---

[5] The fact that Defendants filed the California Case mere hours after Build-A-Bear filed this case shows that the fact that both parties filed on the same day was a coincidence. The California Case was not a "reaction" to this case.

### B. The California Case is the First Case In Which Jurisdiction Attached

Build-A-Bear's Motion fails for an additional, independently dispositive reason: this case is not the first-filed case, the California Case is.

As Build-A-Bear recognizes, Eighth Circuit law is clear that "the first court in which *jurisdiction attaches* has priority to consider the case." *Orthmann*, 765 F.2d at 121 (emphasis added); *see also* Pls.' Mot. at 5. Said differently, "the first-filed rule gives priority . . . to the party who first *establishes jurisdiction*." *Nw. Airlines*, 989 F.2d at 1006 (emphasis added).

In cases involving challenges to personal jurisdiction, district courts in the Eighth Circuit have interpreted this language to hold that the first case in which jurisdictional disputes are *resolved* is the first-filed case for the purposes of the first-to-file rule. *See, e.g.*, *Rural Media*, 697 F. Supp. 2d at 1113 ("Because Performance One has disputed whether this Court has personal jurisdiction over it, and because the parties did not dispute the court's exercise of personal jurisdiction in the Northern District of Texas, this Court concludes that the Northern District of Texas is the first court in which jurisdiction attached." (cleaned up)); *FirsTier*, 1996 WL 539217, at *3 ("[I]t matters not that defendants actually filed their lawsuit in the Superior Court [of] California before plaintiffs filed their petition in the District Court of Lancaster County, Nebraska; jurisdiction must have attached in the California court in order for that lawsuit to be considered filed before the Nebraska action.").[6]

Here, Defendants filed a motion to dismiss challenging personal jurisdiction in this case in Missouri. (ECF 17.) In contrast, Build-A-Bear waived its rights to bring any jurisdictional

---

[6] *C.f. Mckinney Drilling Co., LLC v. Liberty Mut. Ins. Co.*, 2016 WL 3349326 (W.D. Ark. June 15, 2016) ("*If* both courts have personal jurisdiction and subject matter jurisdiction over the parties and claims, the first-filed rule indicates that "the court in which jurisdiction first attached should proceed to adjudicate the controversy." (emphasis added) (cleaned up)); *Welsher v. Frito-Lay N.A., Inc.*, 2014 WL 7331017, at *1 (W.D. Ark. Dec. 19, 2014) (same).

challenges by not raising it as a basis for its motion to dismiss to be filed tomorrow in the California Case.  (ECF 18-2 ¶¶ 3-4.)  Accordingly, jurisdiction has attached in the California Case while it is still an open question here.

Where, as here, there are pending jurisdictional questions in one case and not the other, the Eighth Circuit holds that "the federal comity doctrine is best served in this case by dismissing [the] action" in which there are jurisdictional disputes.  *Orthmann*, 765 F.2d at 121; *Rural Media*, 697 F. Supp. 2d at 1113 ("Because personal jurisdiction was disputed in Minnesota, and because 'none of the parties question[ed] whether the Wisconsin court [had] personal jurisdiction,' the Eighth Circuit concluded that deference was owed to the Wisconsin court. [Citation omitted.]  Similarly, deference is owed here to the Northern District of Texas, where there has been no jurisdictional dispute.").  And since Build-A-Bear cannot show "compelling circumstances weighing against the application of the first-filed rule in this case" to dismiss this suit in favor of the California Case, Build-A-Bear's Motion must be denied.  *Rural Media*, 697 F. Supp. 2d at 1113.

**III.  CONCLUSION**

Eighth Circuit courts are in accord that the true, natural plaintiffs like Defendants here retain the "choice of forum and time of suit to litigate a potential claim for damages." *Mastercard Int'l v. ACI Worldwide Corp.*, 2014 WL 2945779, at *2 (E.D. Mo. June 30, 2014).  Through its Motion, Build-A-Bear requests that the Court bar Defendants from proceeding in their chosen forum in California simply because of *fourteen* days between when Defendants filed the Florida Case and the California Case.  Build-A-Bear's Motion fails because the California Case is the first-filed case.  And even if this case is the first-filed case, compelling circumstances exist under well-established Eighth Circuit law to set aside application of the first-to-file rule and allow the California Case to proceed.  Build-A-Bear's Motion must be denied.

- 15 -

Dated: March 4, 2024                                    Respectfully submitted,

                                                            **BROWN & JAMES P.C.**

By:  /s/ Corey L. Kraushaar
Corey Kraushaar
**Brown & James P.C**.
800 Market St., Suite 1100
St. Louis, MO 63101
Tel: (314) 242-5257
Email: ckraushaar@bjpc.com

Moez M. Kaba (*pro hac application forthcoming*)
Sourabh Mishra (*pro hac application forthcoming*)
**Hueston Hennigan LLP**
620 Newport Center Drive
Newport Beach, CA 92660
Tel: (949) 356-5536
Fax: (888) 775-0898
Email: mkaba@hueston.com
Email: smishra@hueston.com

Zachary D. Ludens
**Zebersky Payne**
110 Southeast 6th Street, Suite 2900
Ft. Lauderdale, FL 33301
Tel: (954) 989-6333
Fax: (954) 989-7781
Email: zludens@zpllp.com

- 15 -

6545082