## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| BUILD-A-BEAR WORKSHOP, INC., | Case No. 4:24-cv-00211-MTS |
| Plaintiff, | Hon. Matthew T. Schelp |
| vs. | |
| KELLY TOYS HOLDINGS, LLC, KELLY AMUSEMENT HOLDINGS, LLC, JAZWARES, LLC, and JAZPLUS, LLC, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

I.      INTRODUCTION & BACKGROUND .......................................................................... 1

II.     ARGUMENT .......................................................................................................... 5

        A.      Compelling Circumstances Demand Setting Aside Application of
                the First-to-File Rule, Requiring Dismissal of This Suit ...................................... 5

        B.      This Court Does Not Have Personal Jurisdiction Over Defendants .................... 9

                1.      There is No General Jurisdiction Over Defendants in
                        Missouri ..................................................................................... 10

                2.      There is No Specific Jurisdiction Over Defendants in
                        Missouri ..................................................................................... 10

        C.      If the Court Does Not Have Personal Jurisdiction Over Kelly Toys,
                This Case Must Be Dismissed Under Rule 19 .................................................. 14

III.    CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

Cases

*Acumen Brands, Inc. v. NHS, Inc.*,

    2017 WL 1330212 (W.D. Ark. Apr. 6, 2017) ................................................. 4, 11, 12

*Allied Ins. Co. of Am. v. JPaulJones L.P.*,

    491 F. Supp. 3d 472 (E.D. Mo. 2020) ............................................................ 4, 13, 14

*Anheuser-Busch, Inc. v. Supreme Int'l Corp.*,

    167 F.3d 417 (8th Cir. 1999) ...................................................................... 3, 6, 7, 9

*BASF Corp. v. Symington*,

    50 F.3d 555 (8th Cir. 1995) ................................................................................ 8

*Bhd. of Maint. of Way Employes Div./IBT v. Union Pac. R.R. Co.*,

    485 F. Supp. 3d 1048 (D. Neb. 2020) ................................................................. 5

*BNSF Ry. Co. v. Tyrrell*,

    581 U.S. 402 (2017) ...................................................................................... 3, 10

*Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*,

    57 F.3d 638 (8th Cir. 1995) ................................................................................ 6

*Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*,

    42 F.4th 948 (8th Cir 2022) ...................................................................... passim

*BuilderTrend Sols., Inc. v. VBConversions, LLC*,

    2017 WL 6017507 (D. Neb. Oct. 4, 2017) ......................................................... 8

*C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*,

    2021 WL 3725680 (E.D. Mo. Aug. 23, 2021) .................................................... 11

*Calder v. Jones*,

    465 U.S. 783 (1984) ......................................................................................... 11

*Creative Compounds, LLC v. Sabinsa Corp.*,

    2004 WL 2601203 (E.D. Mo. Nov. 9, 2004) ....................................................... 6

6610551

*Daimler AG v. Bauman*,

    571 U.S. 117 (2014) ............................................................................. 10

*Dever v. Hentzen Coatings, Inc.*,

    380 F.3d 1070 (8th Cir. 2004) ........................................................... 9

*Eveready Battery Co. Inc. v. L.P.I. Consumer Products, Inc.*,

    464 F. Supp. 2d 887 (E.D. Mo. 2006) .......................................... 5, 9

*Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*,

    544 U.S. 280 (2005) ............................................................................. 2

*Followay Prods., Inc. v. Maurer*,

    603 F.2d 72 (9th Cir. 1979) .............................................................. 15

*Int'l Ass'n of Entrepreneurs of Am. v. Angoff*,

    58 F.3d 1266 (8th Cir. 1995) ........................................................... 15

*J.M. Smucker Co. v. Hormel Food Corp.*,

    526 F. Supp. 3d 294 (N.D. Ohio 2021) ........................................... 12

*Jones v. Papa John's Int'l, Inc.*,

    2023 WL 7155562 (E.D. Mo. Oct. 31, 2023) ................................... 13

*Keely v. Pfizer Inc.*,

    2015 WL 3999488 (E.D. Mo. July 1, 2015) .................................... 10

*Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*,

    74 F.4th 928 (8th Cir. 2023) ............................................................ 14

*Koch Eng'g Co. v. Monsanto Co.*,

    621 F. Supp. 1204 (E.D. Mo. 1985) .................................................. 7

*Midwestern Indem. Co. v. H&L Associates of Kansas City, LLC*,

    2013 WL 12142651 (W.D. Mo. Jan. 22, 2013) ............................ 7, 9

*Milton G. Waldbaum Co. v. Roberts Dairy Co.*,

    325 F. Supp. 772 (D. Neb. 1971) ..................................................... 15

- iii -

*N. Spirits Stillwater LLC v. Water to Wine LLC*,

    2023 WL 2401518 (D. Minn. Mar. 8, 2023) ........................................................ 14

*Orthmann v. Apple River Campground, Inc.*,

    765 F.2d 119 (8th Cir. 1985) ................................................................... 4, 5, 8, 9

*Rural Media Grp., Inc. v. Performance One Media, LLC*,

    697 F. Supp. 2d 1097 (D. Neb. 2010) ..................................................................... 6

*Rush v. Savchuk*,

    444 U.S. 320 (1980) ............................................................................................. 11

*Signature Holding Co. v. City of Kimberling City, Mo.*,

    2011 WL 13119100 (S.D. Iowa Mar. 15, 2011) ................................................... 14

*St. James v. New Prague Area Cmty. Ctr.*,

    2006 WL 2069197 (D. Minn. July 26, 2006) .................................................. 5, 15

*Store Chain, Inc. v. Gilbert*,

    2023 WL 2930363 (E.D. Mo. Apr. 12, 2023) ................................................ 13, 14

*VidAngel, Inc. v. Sullivan Entm't Group, Inc.*,

    2018 WL 3611068 (D. Utah July 27, 2018) ......................................................... 12

*White v. Steak N Shake Inc.*,

    2020 WL 1703938 (E.D. Mo. Apr. 8, 2020) ......................................................... 10

*ZeaVision LLC v. Bausch & Lomb Inc.*,

    2021 WL 5905986 (E.D. Mo. Dec. 14, 2021) ...................................................... 11

<u>Rules</u>

Fed. R. Civ. P. 19(b) ..................................................................................................... 5

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 9

6610551

## I.    INTRODUCTION & BACKGROUND

Defendants'[1] Squishmallows toys have skyrocketed to fame, topping sales charts and rapidly becoming coveted collectors' items.  (Ex. A ¶ 1.)  They have been described by the *Washington Post* as "the hottest toy on the market," (*id.* ¶ 36) and were the top-selling toy in the United States in 2023.  (*Id.* ¶ 2.)  In a crowded toy market with many available plush toys, Squishmallows have become a runaway success with a distinctive look.  (*Id.* ¶ 23.)  The popular trade dress ("Asserted Trade Dress") associated with many Squishmallows is a fanciful rendition of a unique animal with simplified Asian style Kawaii faces in an egg/bell/oval shape with other features to create a distinguishing aesthetic look.  (*Id.* ¶ 26.)  Consumers associate this trade dress with Squishmallows, leading to substantial popularity and success.  (*Id.* ¶¶ 28-39.)

Plaintiff Build-A-Bear Workshop, Inc. ("Build-A-Bear") is widely known for selling teddy bears and stuffed animals customized to customers' preferences.  (Complaint ¶¶ 13-14.)  But in January 2024, Build-A-Bear launched a new line of *non-customizable* products named "SKOOSHERZ."  (*Id.* ¶ 18.)  Rather than adopt the traditional Build-A-Bear look with full eyes, legs, and other body features, the SKOOSHERZ line instead *copies* the Asserted Trade Dress.  (Ex. A ¶ 44.)  And beyond blatantly ripping off the Squishmallows look, Defendants additionally allege that Build-A-Bear commissioned a manufacturer, specifically because it manufactures Squishmallows, to manufacture the copycat SKOOSHERZ products.  (*Id.* ¶ 45.)

The public immediately highlighted Build-A-Bear's copycat design and deceptive marketing.  Media called SKOOSHERZ "Squishmallow-like" and "Squishmallow-adjacent."  (*Id.* ¶ 5.)  And consumers commented that SKOOSHERZ were "squishmallow knockoff[s]" that

---

[1] Defendants are Kelly Toys Holdings, LLC ("Kelly Toys"), Jazwares, LLC ("Jazwares"), Kelly Amusement Holdings, LLC ("Kelly Amusement"), and Jazplus, LLC ("Jazplus").

"literally used the most popular squishmallow animals/designs." (*Id.*) Others naturally concluded that Build-A-Bear is "just trying to copy Squishmallow[s]" and is "ripping off Kellytoys." (*Id.*)

Defendants acted quickly to stop Build-A-Bear's egregious copying and infringement. As Jazwares and Jazplus are based out of Florida (Complaint ¶ 5), Defendants filed a complaint in Florida state court asserting only Florida state law claims ("Florida Case") and sought an emergency injunction under Florida state law. (ECF 12-1.) The Florida court did not rule on the merits of the motion, declining to substantively assess the request without the presence of Build-A-Bear. (ECF 12-4.) Because Kelly Toys, a California-based company, also owns federal copyrights infringed by Build-A-Bear that cannot be the basis of state claims due to federal preemption, Defendants prepared a complaint to file in the Central District of California asserting federal copyright and trade dress clams ("California Case"). (*See* Ex. A.) The decision to pursue federal and Florida state claims in respective federal and state fora is consistent with Supreme Court precedent. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("This Court has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (cleaned up)).

Build-A-Bear knew that Defendants had recently filed federal copyright and trade dress claims relating to Squishmallows in California. (Complaint at 13.) Yet on the *same day* (indeed just a couple of hours before) Defendants filed the California Case, Build-A-Bear raced to this courthouse in Missouri. (*See* Complaint.) Build-A-Bear exclusively seeks declaratory relief of invalidity and non-infringement relating just to Defendants' federal trade dress rights. (*Id.* at 1.) In contrast, the California Case involves copyright, trade dress, and other claims seeking damages and injunctive relief to stop Build-A-Bear's infringing acts. (*See* Ex. A.) Though Defendants filed first in Florida, are the "true" plaintiffs, *and* filed the California case mere hours after Build-A-

Bear's filing, Build-A-Bear still insists that this dispute must remain in Missouri because it was "first-filed." (ECF 11.) Under binding Eighth Circuit law, Build-A-Bear is wrong, and this case should be dismissed for three reasons.

*First*, the Eighth Circuit affirms dismissal of first-filed cases where: (1) "the [plaintiff] was on notice that [defendant] was going to file suit"; and (2) the first-filed "action was for a declaratory judgment." *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999). Both factors are present here. The Complaint makes clear Build-A-Bear became aware of the existence of a dispute about SKOOSHERZ because Defendants filed the Florida Case and knew that Defendants' recent practice was to file its federal copyright and trade dress claims in California.[2] (Complaint ¶ 12; *id.* at 13.) And Build-A-Bear admits that this case "is a declaratory judgment action." (*Id.* at 1.) Confronted with similar facts *and* the declaratory judgment plaintiff's decision to file quickly after being put on notice, the Eighth Circuit has held that "[t]his short period of time suggests that [plaintiff] raced to the courthouse to usurp [defendant's] forum choice." *Anheuser-Busch*, 167 F.3d at 419. The proper remedy for Build-A-Bear's forum shopping is dismissal. *See, e.g.*, *id.* (affirming dismissal).

*Second*, this Court does not have personal jurisdiction over Defendants. Build-A-Bear admits that Defendants are citizens of California, Florida, Delaware, and/or New York, not Missouri. (Complaint ¶¶ 3-6).) There is thus no general jurisdiction over Defendants in Missouri. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 403 (2017) ("'paradigm' forums" for general jurisdiction are "place of incorporation" and "principal place of business").

---

[2] Defendants filed federal claims in California because Kelly Toys' principal place of business is in Los Angeles (Complaint ¶ 3) and is the entity that owns the asserted copyrights (Ex. A ¶ 14), an infringement claim for which must be brought under federal law, the Copyright Act.

Nor is there specific jurisdiction over Defendants in Missouri.  In declaratory judgment actions whose objective "is to clear the air of infringement charges," as here, courts focus on whether the defendant's "enforcement activities" were directed at the forum.  *Acumen Brands, Inc. v. NHS, Inc.*, 2017 WL 1330212, at *3 (W.D. Ark. Apr. 6, 2017).  Here, Build-A-Bear admits that the only enforcement activities undertaken by Defendants was filing the *Florida* Case.  (Complaint ¶ 12.)  Its jurisdiction allegations instead relate to Defendants' alleged *sales* of products through third parties in this forum (*id.* ¶ 10), which are irrelevant to the jurisdictional inquiry in this declaratory judgment action.  *Acumen*, 2017 WL 1330212, at *4 ("Whether NHS sells its products in Arkansas is practically immaterial to the question of whether Acumen is infringing on NHS's trademark.").  And even if those sales were considered, Build-A-Bear has not, and cannot, allege that any of Defendants' actions were "specifically targeted" at Missouri rather than just a part of a *nationwide* advertising, distribution, and sales strategy.  *Allied Ins. Co. of Am. v. JPaulJones L.P.*, 491 F. Supp. 3d 472, 478 (E.D. Mo. 2020) ("Having produced no evidence that [defendant] specifically targeted Missouri over any other state, [defendant's] motion for lack of personal jurisdiction will be granted.").

Since Build-A-Bear has not met its burden to plead jurisdictionally-relevant facts tying Defendants to Missouri, this Court must dismiss this case for lack of personal jurisdiction.  *See Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir 2022) (affirming dismissal where plaintiff did not meet its burden to show minimum contacts).  Moreover, even if the Court finds a reasonable dispute about personal jurisdiction here, the Eighth Circuit holds "that the federal comity doctrine is best served in this case by dismissing [first-filed] action" where, as is true in the California Case, there are no jurisdictional disputes in the second-filed case.  *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985).

- 4 -

*Third*, if the Court finds that it has personal jurisdiction over certain defendants but not Kelly Toys, this case must be dismissed under Rule 19 for failure to join an indispensable party. Kelly Toys is the owner of the Asserted Trade Dress.  (Ex. A ¶ 14.)  Intellectual property owners are indispensable parties in cases, like this one, that seek invalidity of the intellectual property rights.  *See St. James v. New Prague Area Cmty. Ctr.*, 2006 WL 2069197, at *2 (D. Minn. July 26, 2006) ("It is well established, in suits for patent and trademark infringement, that the owner of the patent or trademark is subject to compulsory joinder.").  Therefore, if Kelly Toys does not remain a party in this case, the suit must be dismissed.  Fed. R. Civ. P. 19(b).

## II.   ARGUMENT

### A.   Compelling Circumstances Demand Setting Aside Application of the First-to-File Rule, Requiring Dismissal of This Suit

Build-A-Bear's Complaint must be dismissed due to its blatant forum shopping that improperly vitiated Defendants' right to choose their preferred forum.

Courts generally "follow a 'first to file' rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Orthmann*, 765 F.2d at 121.  However, "[t]he rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration."  *Id.* Accordingly, "the first-filed rule yields to the interests of justice, and will not be applied where a court finds compelling circumstances supporting its abrogation."  *Bhd. of Maint. of Way Employes Div./IBT v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048, 1063-64 (D. Neb. 2020).

"The [Eighth] Circuit has discussed two 'red flags' [that] signal[] potentially 'compelling circumstances' [that] may warrant an exception to the first-filed rule."  *Eveready Battery Co. Inc. v. L.P.I. Consumer Products, Inc.*, 464 F. Supp. 2d 887, 890 (E.D. Mo. 2006).  These are "first, that the 'first' suit was filed after the other party gave notice of its intention to sue; and second,

- 5 -

that the action was for declaratory judgment rather than for damages or equitable relief." *Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*, 57 F.3d 638 (8th Cir. 1995). Presence of these two factors indicate that the first-filed action "was an attempt to deprive the real plaintiff of his or her choice of forum by winning a race to the courthouse." *Creative Compounds, LLC v. Sabinsa Corp.*, 2004 WL 2601203, at *2 (E.D. Mo. Nov. 9, 2004).

Even assuming that this case is the first-filed case,[3] both "red flags" are present here which, along with other factors and in the interest of justice, require dismissal. *Id.* at *3 (granting dismissal because "declaratory judgment action" was filed as part of a "race to the courthouse").

*First*, Defendants placed Build-A-Bear on notice of its intent to file suit to enforce its trade dress rights before this case was filed. As Build-A-Bear acknowledges, the *same* parties who are Defendants in this case filed the Florida Case on January 29. (Complaint ¶ 64 (admitting that Defendants asserted the same trade dress rights in the Florida Case).) In reaction, Build-A-Bear filed this case relating to the same trade dress rights just *two weeks* later, on February 12. (*See generally* Complaint.) The first factor is thus met. *See, e.g.*, *Anheuser-Busch*, 167 F.3d at 419 (holding that a declaratory judgment plaintiff "was on notice that [the other party] was going to file suit" where "[l]ess than two weeks passed" from notice to filing); *Creative Compounds*, 2004 WL 2601203, at *3 (prior notice where declaratory judgment defendant "guaranteed prompt legal action" and "fulfilled this guarantee by filing its lawsuit five days after the deadline had passed").

---

[3] District courts have interpreted Eighth Circuit precedent to hold that a case is only considered first-filed when all disputes about jurisdiction are resolved. *Rural Media Grp., Inc. v. Performance One Media, LLC*, 697 F. Supp. 2d 1097, 1113 (D. Neb. 2010) ("[B]ecause [defendant] has disputed whether this Court has personal jurisdiction over it, and because the parties did not dispute the court's exercise of personal district [in the other forum], this Court concludes that the [other forum] is the first court in which jurisdiction attached." (cleaned up)). As discussed *infra*, Defendants dispute personal jurisdiction here, whereas Build-A-Bear is not contesting jurisdiction in the California Case. Therefore, the California Case is the first-filed case, not this case. *Id.*

- 6 -

*Second*, Build-A-Bear's Complaint only asserts declaratory judgment claims.  Build-A-Bear titled its Complaint, "Complaint for Declaratory Judgment" and states multiple times on the first page that it is a "declaratory judgment action."   (Complaint at 1; *see also id.* at 33 ("Declaratory Judgment of Invalidity and Unenforceability of the Claimed Squishmallows Trade Dress"); *id.* at 46 ("Declaratory Judgment of Non-Infringement of the Claimed Squishmallows Trade Dress"); *id.* ¶¶ 70, 76 (relief is "declaratory judgment").)  The second factor is thus also met.  *See, e.g.*, *Anheuser-Busch*, 167 F.3d at 419 (compelling circumstances where first "action was for a declaratory judgment").

*Third*, other factors considered by courts in similar circumstances support dismissal:

- The California Case "is more comprehensive, and the parties' dispute can be more fully resolved there."  *Midwestern Indem. Co. v. H&L Associates of Kansas City, LLC*, 2013 WL 12142651, at *3 (W.D. Mo. Jan. 22, 2013).  Build-A-Bear "seeks only a declaratory judgment in the instant Missouri case, while [Defendants] seek monetary damages and other relief in its [California] case."  *Id.*  Also, the California Case includes a federal copyright claim.  (Ex. A.)

- There is no meaningful difference between the time this Case and the California Case were filed.  Build-A-Bear filed this case just a few *hours*, coincidentally on the same day, before Defendants filed the California Case.  (ECF 12 at 2.)  Therefore, "there is little to be gained from proceeding with this Missouri case."  *Midwestern Indem.*, 2013 WL 12142651, at *3 ("little to be gained" when case filed "a mere eight days before [second-filed] case").

- "[P]roceeding with this case does not further the Declaratory Judgment Act's purpose," which is to "enable a party threatened with liability to obtain early adjudication, without waiting until its adversary sees fit to file suit."  *Id.*  Since the California Case is proceeding at the same speed, proceeding here does not provide Build-A-Bear with "early adjudication."   It is thus

- 7 -

proper for the Court to decline to hear Build-A-Bear's petition for declaratory judgment. *Koch Eng'g Co. v. Monsanto Co.*, 621 F. Supp. 1204, 1206, 1208 (E.D. Mo. 1985) (exercising "discretion of the district court" to decline to "make a declaration of rights" where "suit in the Southern District of Texas will fully resolve the controversy between the parties").

- The Eighth Circuit dismisses first-filed cases with jurisdictional disputes. *Orthmann*, 765 F.2d at 121 (dismissing first-filed case because "the identical lawsuit is proceeding without jurisdictional problems in Wisconsin federal district court"). Defendants vigorously dispute whether there is personal jurisdiction over them in Missouri (see *infra* section II.B). In contrast, Build-A-Bear is not challenging jurisdiction in California. (Mishra Decl. ¶¶ 3-4.)

Finally, strictly enforcing the first-to-file rule to allow this case to proceed runs counter to allowing true plaintiffs the right to pick their forum. "A suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed." *BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995) (cleaned up). Courts dismiss such suits to "ensure that the declaratory plaintiff is not motivated by forum-shopping concerns." *Id.*

Here, Build-A-Bear's decision to file in Missouri was clearly motivated by forum-shopping. Defendants first filed the Florida Case to assert Florida state law trade dress and related claims. (ECF 12-1.) And Build-A-Bear admits in its Complaint that it was on notice that Defendants had recently filed *federal* trade dress and copyright claims against another infringer of the same trade dress in the Central District of California. (Complaint at 13 (citing a California complaint against Zuru, LLC, dated November 2023).) Yet despite being on notice that Defendants had previously filed in California, Build-A-Bear raced to file this case in Missouri to "usurp" Defendants' forum choice. *BuilderTrend Sols., Inc. v. VBConversions, LLC*, 2017 WL 6017507, at *4 (D. Neb. Oct. 4, 2017) ("A short period of time between notice of intent to sue and

- 8 -

the filing suggests that the first-filer raced to the courthouse to usurp the natural plaintiff's forum choice."). Put simply, the choice to file in Missouri was a transparent effort by Build-A-Bear to force its preferred forum on Defendants, a tactic courts find constitutes sufficient compelling circumstances to dismiss first-filed actions.[4] *See, e.g.*, *Anheuser-Busch*, 167 F.3d at 419 (affirming dismissal of first-filed suit in favor of second-filed suit because plaintiff "raced to the courthouse to usurp [defendant's] forum choice").[5] This Court should find the same and dismiss this case.

### B.     This Court Does Not Have Personal Jurisdiction Over Defendants

Even if Build-A-Bear's forum shopping were to be ignored, this case must be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Build-A-Bear "bears the burden of establishing a prima facie showing of jurisdiction." *Brothers & Sisters*, 42 F.4th at 951 (cleaned up). "A prima facie showing is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Id.* (cleaned up). "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (cleaned up). "[C]onclusory allegations" in a complaint are "not enough" to make a prima facie showing. *Id.* at 1074.

Build-A-Bear has not met its burden to establish either general or specific jurisdiction.

---

[4] Under Eighth Circuit precedent, this Court can grant dismissal without first determining whether it has personal jurisdiction over Defendants. *Orthmann*, 765 F.2d at 121 ("[W]e decline to rule on whether the district court erred in dismissing the complaint for lack of personal jurisdiction and dismiss the instant appeal with prejudice.").

[5] *See also Midwestern Indemnity*, 2013 WL 12142651, at *3 (dismissing case in favor of Kansas forum where "the Court finds there are compelling circumstances to disregard the first-to-file rule"); *Eveready Battery*, 464 F. Supp. 2d at 892 (dismissing case where "the balance weighs in Defendant's favor and warrants an exception to the first-filed rule").

### 1.    There is No General Jurisdiction Over Defendants in Missouri

"General jurisdiction exists where a defendant is 'essentially at home.'" *Brothers &*
*Sisters*, 42 F.4th at 952.  "The 'paradigm' forums in which a corporate defendant is 'at home,' []
are the corporation's place of incorporation and its principal place of business." *BNSF*, 581 U.S.
at 413.  Only in an "exceptional case" may "operations in another forum [] be so substantial and
of such a nature as to render the corporation at home in that State." *Id.* (cleaned up).

Here, Build-A-Bear admits that *none* of the Defendants' places of incorporation or
principal places of business are in Missouri.  (Complaint ¶¶ 3-6 (Defendants are "at home" in
Delaware, California, Florida, and/or New York).)  It instead makes conclusory allegations that
Defendants have "enter[ed] into contracts" and "transact[ed] business in this District."  (*Id.* ¶ 10.)
But even if those allegations were true for each Defendant, it is insufficient to establish general
jurisdiction.  The Supreme Court has held that even "sizable" sales are insufficient to plead general
jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) ("substantial, continuous, and
systematic course of business" is insufficient to establish general jurisdiction").**6**

### 2.    There is No Specific Jurisdiction Over Defendants in Missouri

Nor is there specific jurisdiction over Defendants in Missouri.  "[S]pecific jurisdiction
covers defendants less intimately connected with a State, but only as to a narrower class of claims,
namely those that arise out of or relate to the defendant's contacts with the forum." *Brothers &*

---

**6** *See also, e.g.*, *Keely v. Pfizer Inc.*, 2015 WL 3999488, at *2 (E.D. Mo. July 1, 2015) ("Simply
marketing and selling a product in a state does not make a defendant's affiliations with the state
so 'continuous and systematic as to render them essentially at home in the forum state.'"); *White
v. Steak N Shake Inc.*, 2020 WL 1703938, at *2 (E.D. Mo. Apr. 8, 2020) (holding that even the
"continuous and systematic operation in Missouri of thirty-nine of [] more than 400 national
restaurants" does not subject defendant to general jurisdiction (citations omitted)).

*Sisters*, 42 F.4th at 952 (cleaned up).   The Eighth Circuit evaluates "the totality of the circumstances" and, in particular, five factors: "(1) the nature and quality of [defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id.* (cleaned up).   "The first three factors are of 'primary importance' and the 'fourth and fifth factors carry less weight.'" *Id.* (citation omitted).

"Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).  This is even true where, as here, defendants are related entities because "[t]here is no package-deal exception to personal jurisdiction." *C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*, 2021 WL 3725680, at *5 n.9 (E.D. Mo. Aug. 23, 2021).  If a plaintiff cannot show that the Court has specific jurisdiction over a particular defendant, that defendant must be dismissed.  *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (reversing judgment because specific jurisdiction "must be met as to each defendant").

Here, Build-A-Bear cannot establish specific jurisdiction over *any* of the Defendants for two independently dispositive reasons.

a)   *Build-A-Bear Cannot Identify Any Relevant Contacts*

Build-A-Bear has not alleged a *single*, relevant contact between any (much less each) of the Defendants and Missouri.  Eighth Circuit courts recognize that relevant contacts in declaratory judgment cases are far narrower than the typical action.  "The nature of the claim in a declaratory judgment action is to clear the air of infringement charges." *Acumen*, 2017 WL 1330212, at *3 (cleaned up).  This "atypical posture" "defines the scope of the specific jurisdiction analysis." *Id.*

Specifically, "the relevant inquiry into specific jurisdiction in [declaratory judgment] case[s] is the extent to which the defendant has directed its *enforcement activities* at [the forum]

- 11 -

and the extent to which the declaratory judgment action arises out of those enforcement activities." *Id.* (emphasis added).  Where the plaintiff does not show that the declaratory judgment action arises out of enforcement activities in the forum, courts dismiss the defendant for lack of personal jurisdiction.  *Id.* at *3-4 (granting motion to dismiss for lack of personal jurisdiction); *ZeaVision LLC v. Bausch & Lomb Inc.*, 2021 WL 5905986, at *4 (E.D. Mo. Dec. 14, 2021) (similar).

Here, Build-A-Bear does not allege any contact between any Defendant and Missouri relating to enforcement efforts.  (*See* Complaint.)  Instead, it admits that Defendants' enforcement activities were in *Florida*, not Missouri.  (*Id.* ¶ 12 (ripe controversy because of Florida Case).)

Where, as here, the plaintiff cannot show that a defendant engaged in any enforcement activities in the forum state, courts routinely dismiss declaratory judgment claims.  *See, e.g.*, *Acumen*, 2017 WL 1330212, at *4 (dismissing declaratory judgment claims because "[w]hether [defendant] sells its products in [forum] is practically immaterial to the question of whether [plaintiff] is infringing on [] trademark" and no enforcement activities "reached into" forum).[7]

> b)      *Squishmallows Sales Are Insufficient to Show Personal Jurisdiction*

Even if sales of Squishmallows products in Missouri were relevant contacts to the jurisdictional analysis, Build-A-Bear has not, and cannot sufficiently, show any Missouri-specific activities undertaken by Defendants that would subject them to specific jurisdiction.  Build-A-Bear alleges, without differentiating between the Defendants, that there is personal jurisdiction because:

---

[7] *See also VidAngel, Inc. v. Sullivan Entm't Group, Inc*., 2018 WL 3611068 (D. Utah July 27, 2018) (dismissing claims because "only enforcement or defense efforts related to the [intellectual property] rather than the [intellectual property owner's] commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the [intellectual property owner]"); *J.M. Smucker Co. v. Hormel Food Corp.*, 526 F. Supp. 3d 294 (N.D. Ohio 2021) (dismissing claims because "two distribution centers in Ohio and sales activity in the Cincinnati office are not enforcement activities relevant to the inquiry of personal jurisdiction in the context of a declaratory judgment claim").

(1) Defendants have entered contracts in this District; (2) third-party stores like Target, Walgreens, and Walmart sell Squishmallows; and (3) customers can order Squishmallows through Defendant Jazwares's website, as well as Amazon.  (Complaint ¶ 10.)  This is not enough.

"Specific jurisdiction is only proper where the defendant has purposefully directed *its activities at Missouri residents* and the suit arises out of or relates to those activities."  *Jones v. Papa John's Int'l, Inc.*, 2023 WL 7155562, at *4 (E.D. Mo. Oct. 31, 2023) (emphasis added) (cleaned up).  In the context of sales made in stores or websites, plaintiff must show that the *defendant's* activities relating to those stores and websites "are especially tailored to Missouri consumers" or that the defendant "made special efforts to market" in Missouri.  *Id*. at *7.  Therefore, "[c]ourts have recognized . . . that the sale of products through independent, nation-wide third-party entities like Amazon and Ebay would not favor specific jurisdiction."  *Allied Ins.*, 491 F. Supp. 3d at 477; *Store Chain, Inc. v. Gilbert*, 2023 WL 2930363, at *7 (E.D. Mo. Apr. 12, 2023) ("Nothing in the record indicates that Matkowsky directed his business activity specifically to Missouri before defendant Gilbert acted to purchase plaintiff's Work from the web site.").

Build-A-Bear does not allege *any* specific facts demonstrating that *any* of the Defendants specifically tailored their business activity *to Missouri*.  (Complaint ¶ 10 (identifying sales in Missouri without any facts identifying Missouri-specific actions).)  Instead, Build-A-Bear alleges mere *availability* of Squishmallow products in third-party stores in Missouri and websites accessible in Missouri.  (*Id.* ("are available for purchase in physical retail stores" and "are available for order online").)  Build-A-Bear thus has not met its burden to show that sales activity in Missouri subjects any of the Defendants to specific jurisdiction in this case.  *See, e.g.*, *Jones*, 2023 WL 7155562, at *7 (no jurisdiction where no evidence that "website and app are especially tailored to Missouri consumers or of "special efforts to market its website and app in Missouri").

- 13 -

Nor can Build-A-Bear amend to identify any such facts.  None of Defendants' alleged Squishmallows sales activity relate specifically to Missouri (Rodriguez Decl. ¶¶ 3-10):

|  | Jazwares | Kelly Toys | Kelly Amusement | Jazplus |
|---|---|---|---|---|
| Employees in Missouri? | No | No | No | No |
| Physical locations in Missouri? | No | No | No | No |
| Registered to do business in Missouri? | No | No | No | No |
| Missouri-specific advertising? | No | No | No | No |
| Missouri-specific retailers? | No | No | No | No |

Where, as here, a defendant merely makes products available to be sold into Missouri as part of a nationwide effort, the Eighth Circuit rejects the exercise of specific jurisdiction.  *See Brothers & Sisters*, 42 F.4th at 954 (no specific jurisdiction where "Zazzle's website is nationally accessible, and nowhere does BASIC allege that Zazzle specifically targeted Missouri consumers or the Missouri market."); *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 931 (8th Cir. 2023) ( "maintain[ing] a nationally-available website through which an Iowa resident purchased the allegedly infringing work" is "not 'uniquely or expressly aimed at' Iowa"); *Allied Ins.*, 491 F. Supp. 3d at 477 ("[T]his Court joins with many others in holding that specific jurisdiction does not attach simply because a defendant operates a commercial website that is, at some level, interactive and allow for sales into the forum state.").[8]

### C.    If the Court Does Not Have Personal Jurisdiction Over Kelly Toys, This Case Must Be Dismissed Under Rule 19

---

[8] Neither of the other two factors—interest of the forum state and convenience of the parties—changes the above analysis that demonstrates Build-A-Bear's failure to establish personal jurisdiction.  Indeed, even where *both* of these factors are in favor of plaintiff, courts hold that "these factors do not make up for the lack of a sufficient Missouri-directed act by defendant [] that caused plaintiff's harm."  *Store Chain*, 2023 WL 2930353, at *7.  And the convenience factor is not in favor of jurisdiction here: "[l]itigation between citizens of different states will virtually always result in an inconvenience to one party or the other" and thus the inconvenience factor "does not clearly favor either side."  *Signature Holding Co. v. City of Kimberling City, Mo.*, 2011 WL 13119100 at *4 n.7 (S.D. Iowa Mar. 15, 2011) (no personal jurisdiction).

If this Court holds that it lacks personal jurisdiction over Kelly Toys but has jurisdiction over another Defendant, it must dismiss this case under Rule 19 because Kelly Toys is an indispensable party.  "Courts regularly hold that trademark owners are required parties under Rule 19."  *N. Spirits Stillwater LLC v. Water to Wine LLC*, 2023 WL 2401518, at \*7 (D. Minn. Mar. 8, 2023) (citing cases).  Otherwise, if the trade dress is "held invalid or unenforceable," as requested here, "the owner will lose the ability to protect that interest."  *St. James*, 2006 WL 2069197, at \*2.

Therefore, because Kelly Toys "is a purported owner of the [trade dress] here, it is subject to compulsory joinder."  *Id.*  And when, as here, an intellectual property holder cannot be joined for lack of jurisdiction, courts routinely dismiss the action "in equity and good conscience" under Rule 19.  *See, e.g.*, *Milton G. Waldbaum Co. v. Roberts Dairy Co.*, 325 F. Supp. 772, 774-75 (D. Neb. 1971) (dismissing claim because "owners of [patents] are indispensable parties in whose absence the declaratory action cannot be maintained"); *Followay Prods., Inc. v. Maurer*, 603 F.2d 72, 74-75 (9th Cir. 1979) (affirming dismissal for failure to join indispensable party because "the action cannot proceed unless [the owner] can be joined as an involuntary plaintiff").

## III.   CONCLUSION

"[T]he Declaratory Judgment Act is not to be used either for tactical advantage by litigants or to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions."  *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995).  Build-A-Bear filed this case in Missouri in reaction to the Florida Case and to seize control over the forum for the parties' federal dispute mere hours before Defendants filed the California Case.  Under well-established Eighth Circuit law, Build-A-Bear's complaint should be dismissed.  Additionally, this case cannot proceed in Missouri because Build-A-Bear cannot establish personal jurisdiction over any Defendant.  Defendants respectfully request that the Court dismiss this case.

- 15 -

Dated: March 4, 2024                    Respectfully submitted,


**BROWN & JAMES P.C.**


By:    /s/ Corey L. Kraushaar
       Corey Kraushaar
       Brown & James P.C.
       800 Market St., Suite 1100
       St. Louis, MO 63101
       Tel: (314) 242-5257
       Email: ckraushaar@bjpc.com

       Moez M. Kaba (*pro hac application forthcoming*)
       Sourabh Mishra (*pro hac application forthcoming*)
       **Hueston Hennigan LLP**
       620 Newport Center Drive
       Newport Beach, CA 92660
       Tel: (949) 356-5536
       Fax: (888) 775-0898
       Email: mkaba@hueston.com
       Email: smishra@hueston.com

       Zachary D. Ludens
       **Zebersky Payne**
       110 Southeast 6th Street, Suite 2900
       Ft. Lauderdale, FL 33301
       Tel: (954) 989-6333
       Fax: (954) 989-7781
       Email: zludens@zpllp.com

- 16 -

6610551