UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BUILD-A-BEAR WORKSHOP, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No.  4:24-cv-00211-MTS |
| KELLY TOYS HOLDINGS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO ENJOIN
DEFENDANTS FROM PROCEEDING WITH BAD-FAITH, LATER-FILED LAWSUIT**

In its Motion to Enjoin Defendants from Proceeding with Bad-Faith, Later-Filed Lawsuit (the "Motion to Enjoin") and the accompanying Memorandum, Build-A-Bear Workshop, Inc. ("Build-A-Bear") established three things: (1) under the first-filed rule, a court with jurisdiction over a first-filed federal court case should enjoin a defendant from pursuing (as a plaintiff) a later-filed federal court case unless "compelling circumstances" warrant otherwise; (2) Build-A-Bear filed this lawsuit before Defendants filed their lawsuit in the Central District of California (the "California Lawsuit"); and (3) no compelling circumstances justify an exception to the first-filed rule.  Defendants, therefore, should be enjoined from pursuing the later-filed California litigation.

In their Opposition, Defendants do not dispute premise (1), which is founded on a "well-established rule" of federal comity.  *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).  Defendants also do not (and cannot) dispute that Build-A-Bear filed this action before Defendants filed the California Lawsuit.  Instead, Defendants incredibly argue that they can evade the first-filed rule by merely *contesting* personal jurisdiction in this Court or, alternatively, that compelling circumstances to depart from the first-filed rule exist.  As discussed below, Defendants' arguments fail, and this Court should grant Build-A-Bear's Motion to Enjoin.

## ARGUMENT

Defendants' claim that the California Lawsuit is really the first-filed case (because Defendants have spent a few pages challenging personal jurisdiction in this action) is specious. (*See* ECF No. 20 at 17.)[1]  Consistent with Eighth Circuit precedent, which district courts in this Circuit have repeatedly followed, it is perfectly appropriate to halt the California Lawsuit and allow this case to proceed—notwithstanding Defendants' baseless challenge to personal jurisdiction.[2]  In this regard, Defendants focus on two cases from a different District that misapplied *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir. 1985), but they ignore the many courts in this Circuit that rightfully allow a first-filed case to proceed over a second-filed case even where personal jurisdiction is disputed.

Additionally, no compelling circumstances warrant setting aside the first-filed rule in this action.  Build-A-Bear had no notice or indication that Defendants would follow up a failed, *ex parte*, attempted ambush in Florida state court (in which Defendants expressed concerns about "improper" removal to federal court) (the "Florida Lawsuit"), with another separate lawsuit in California federal court, at any time, much less on a particular day.  Nor does the fact that Build-A-Bear seeks declaratory relief mean this Court should allow Defendants' bad-faith claims in California to proceed, as there are no facts in this case suggesting that Build-A-Bear "raced to the courthouse" or "usurped" Defendants' ability to choose a forum.  Indeed, Build-A-Bear had no idea what Defendants were going to do or when, and could not have possibly predicted this bizarre

---

[1] All page numbers refer to ECF pagination, irrespective of internal pagination.

[2] Defendants' challenge to personal jurisdiction is half-hearted—they do not even cite Missouri's long-arm statute (*see generally* ECF No. 22)—and it serves no other purpose than as a means to attempt to distract this Court from the legal arguments made in Build-A-Bear's Motion to Enjoin.  The Court should not countenance Defendants' dubious litigation tactics and illogical proposed rule by delaying granting Build-A-Bear's Motion to Enjoin.

litigation strategy of simultaneously prosecuting two lawsuits on the same claims in state and federal courts thousands of miles apart. Finally, the "other factors" Defendants discuss do not, under Eighth Circuit law, justify departure from the first-filed rule. The Court should grant Build-A-Bear's Motion to Enjoin and enjoin Defendants from pursuing the California Lawsuit.

**A.      This Case, Not the California Lawsuit, Is the First-Filed Case.**

As Defendants concede, this case was filed before the California Lawsuit. (ECF No. 20 at 16.) This is an admitted fact. Build-A-Bear also served Defendants in this action before Defendants served Build-A-Bear with the California Lawsuit. This, too, is an admitted fact. This Court is "the first court in which jurisdiction attache[d]." *U.S. Fire Ins.*, 920 F.2d at 488 (citation omitted). Under the first-filed rule, this case thus "has priority" over the California action. *Id.*

Astonishingly, Defendants suggest that the California Lawsuit is actually the first-filed case simply because they have disputed personal jurisdiction here, and that even a dispute as to personal jurisdiction is somehow a compelling circumstance that requires setting aside the first-filed rule. (ECF No. 20 at 12–13, 17.) These arguments are untenable.

Particularly egregious is Defendants' mischaracterization of *Orthmann*, which they cite in purported support of this novel, nonsensical proposition. In *Orthmann*, the plaintiff in a second-filed case in Wisconsin requested a stay of that later-filed proceeding because the same plaintiff had filed suit first in Minnesota but faced jurisdictional challenges in that first-filed proceeding. 765 F.2d at 120. When the first-filed Minnesota case was dismissed for lack of personal jurisdiction under Minnesota's long-arm statute, the plaintiff appealed to the Eighth Circuit. *Id.* While that appeal was pending, the Wisconsin case continued in both the District of Wisconsin and the Seventh Circuit. *Id.* at 120–21. *In that context*, the Eighth Circuit dismissed the appeal of the first-filed Minnesota case, so as to (1) avoid the need to resolve a dispute involving Minnesota's long-arm statute, and (2) "promote efficient use of judicial resources" because the later-filed case

3

had progressed for nearly two years. *Id.* at 121.

Here, by contrast, Defendants have not raised a state-law challenge to personal jurisdiction; their motion to dismiss raises only a perfunctory Due Process Clause argument which the Court can and should swiftly reject. The later-filed California Lawsuit has not progressed any farther than this case. Indeed, argument on Build-A-Bear's Motion to Dismiss in the California case is not set until mid-May 2024. Nothing in *Orthmann* remotely suggests that "compelling circumstances" exist to ignore the application of first-filed rule in this case. *See id.*

Moreover, district courts in the Eighth Circuit, including the Eastern District of Missouri, have repeatedly rejected the argument that a mere contest of personal jurisdiction is a sufficient basis to keep a first-filed case from proceeding in favor of a later-filed case.[3] Those courts correctly recognize that the existence of jurisdiction "relates back to the filing of a complaint," not to the date of an order *ruling* on a jurisdictional issue. *See, e.g.*, *Central Bank of St. Louis v. Nec Amarillo Emergency Ctr.*, No. 4:17-cv-02214 ERW, 2017 WL 4888981, at *3 (E.D. Mo. Oct. 30, 2017) (staying proceedings while personal jurisdiction was litigated in earlier-filed case in the Eastern District of Texas case because a ruling that jurisdiction existed there would demonstrate that jurisdiction first attached there, so that later-filed case could not proceed until the first-filed case was fully resolved); *Adv. Physical Therapy, LLC v. Apex Physical Therapy, LLC*, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017) (staying proceedings in favor

---

[3] A few courts have misread *Orthmann* to imply that a dispute over personal jurisdiction can justify setting aside the first-filed rule. *See Rural Media Grp., Inc. v. Performance One Media, LLC*, 697 F. Supp. 2d 1097, 1113 (D. Neb. 2010) (citing *Orthmann*); *FirsTier Bank, NA v. G-2 Farms*, No. 4:CV95-3118, 1996 WL 539217, at *3–4 (D. Neb. 1996). As is evident from *Orthmann*'s unique procedural posture and facts of that case, its holding is quite narrow and specific, and based on those unique facts. It certainly cannot be read to support Defendants' bizarre attempt to shift the burden to Build-A-Bear to show "compelling circumstances" why this first-filed case should not be stayed or dismissed in favor of a later-filed lawsuit. (ECF No. 20 at 18.)

4

of earlier-filed case in Southern District of Illinois, even though personal jurisdiction was disputed there, because "resolving [a] dispute [over personal jurisdiction] is *never* a condition precedent to applying" the first-filed rule (emphasis added) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999))); *see also ZeaVision LLC v. Bausch & Lomb Inc.*, No. 4:21-CV-00072 JAR, 2021 WL 5905986, at *5 (E.D. Mo. Dec. 14, 2021) ("The Eighth Circuit *has not held* that a court can apply the first-filed rule only after it is established that jurisdiction/venue in the first-filed case is proper." (emphasis added)).[4]  Indeed, under Defendants' strained reading of *Orthmann*, any party could circumvent the first-filed rule—and effectively forum shop—simply by raising any challenge to personal jurisdiction.  That is not what *Orthmann* requires or suggests, and the Court should not adopt such a contrived and nonsensical reading, which would effectively invite forum shopping in contravention of the basic principles of the first-filed rule.

In sum, Defendants' baseless, perfunctory personal jurisdiction challenge is no basis to set aside the first-filed rule.  Indeed, Defendants' challenge is no basis to delay enjoining Defendants from pursuing duplicative (albeit less comprehensive), parallel litigation in California while Defendants' Motion is fully briefed and disposed of.  This action was first-filed relative to the California Lawsuit.  No compelling circumstances are present. Defendants should be immediately enjoined from pursuing the later-filed California federal court action.

---

[4] *Central Bank of St. Louis* and the other cases cited above grasp a foundational principle of federal law that Defendants overlook: a dispute over jurisdiction is not an absence of jurisdiction, because "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)); *see also id.* at 574 (stating that "the Court has *never* approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that 'where there is no change of party,'" a federal court's "jurisdiction . . . is governed by" the circumstances that exist "*at the commencement of the suit*" (alteration omitted, emphasis added) (quoting *Connolly v. Taylor*, 27 U.S. (2 Pet.) 556, 565 (1829))).

5

## B.  No Compelling Circumstances Warrant an Exception to the First-Filed Rule.

To overcome the first-filed rule, a movant must show that "compelling circumstances" justify departing from the rule.  *U.S. Fire Ins. Co.*, 820 F.2d at 489.  In its Memorandum supporting its Motion to Enjoin, Build-A-Bear explained how no compelling circumstances exist in this case. (ECF No. 12 at 8–10.)  In opposition, Defendants claim compelling circumstances based on the purported existence of two "red flags" and several "other factors."  (ECF No. 20 at 5–12.) Defendants' poorly conceived arguments in no way justify ignoring the first-filed rule here.

First, Defendants illogically argue that their *state court* litigation in *Florida* should have placed Build-A-Bear on notice of Defendants' intent to file a later *federal* case in *California* (on a specific day, no less), so the Court should ignore the first-filed rule to allow the California Lawsuit to proceed.  (ECF No. 20 at 6–7.)  Defendants vaguely and oddly state that the Florida Lawsuit put Build-A-Bear on notice of Defendants' "intent to file suit to enforce its [*sic*] trade dress rights," in an apparent attempt to argue that notice of the Florida Lawsuit somehow put Build-A-Bear on notice that they would file another lawsuit in California federal court.  But obviously, filing the former did nothing to provide notice of the latter—to the contrary, why would Build-A-Bear expect a bizarre claim-splitting strategy between state and federal courts on opposite coasts?[5]  This argument is particularly baffling in light of Defendants' repeated and express insistence in the

---

[5] Defendants' explanation that a federal lawsuit in California was all but inevitable because Defendant Kelly Toys' principal place of business is located there and the federal suit involves copyright claims, (ECF No. 20 at 3 n.3), is nonsensical.  First, a *plaintiff* is not required to sue where its principal place of business is located.  Second, Defendants never explain how a lawsuit in Florida state court—which did not mention a federal copyright dispute—should have put Build-A-Bear on notice of a federal copyright dispute that would lead to a second lawsuit *anywhere*, much less in a specific court.  Defendants, of course, are free to attempt to assert a counterclaim in this first-filed case regarding any federal copyright dispute they believe exists.

Florida Lawsuit that they specifically sought to avoid litigating their claims against Build-A-Bear in *any* federal court.  (*See, e.g.*, ECF No. 12-2 at 34; ECF No. 12-3 at 4.)

Furthermore, none of Defendants' cited cases support the argument that any "red flag" exists in this case.  In all of Defendants' cited cases, the declaratory plaintiff had received a cease and desist letter or other communication that threatened immediate litigation, then "raced to the courthouse to usurp" the other party's "forum choice."  *See Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 418–19 (8th Cir. 1999); *see also Creative Compounds, LLC v. Sabinsa Corp.*, No. 1:04-cv-114 CDP 2004 WL 2601203, at *3 (E.D. Mo. Nov. 9, 2004) (declaratory judgment action filed in response to "cease and desist letter" that "guaranteed prompt legal action"); *Midwestern Indem. Co. v. H&L Assocs. of Kan. City, LLC*, No. 12-01315-CV-W-BP, 2013 WL 12142651, at *2 (W.D. Mo. Jan. 22, 2013) (finding red flag where declaratory defendant "flatly stated that it would proceed with litigation" unless declaratory plaintiff agreed to resolution of disputed claim and where declaratory plaintiff filed suit "a mere five days" before the resolution deadline); *but see Foreign Candy Co. v. Promotion In Motion, Inc.*, 953 F. Supp. 2d 934, 941–44 (N.D. Iowa 2013) (refusing to dismiss first-filed case seeking declaratory judgment regarding trademark dispute, which was filed after the plaintiff received a cease-and-desist letter from the defendant, either for lack of personal jurisdiction or pursuant to any compelling circumstances). Indeed, even a cease and desist letter is only a red flag when it indicates a lawsuit is "imminent." *Verizon Commc'ns, Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 874 (8th Cir. 2002) (holding cease and desist letter did not justify stay of earlier-filed declaratory judgment action under the Lanham Act because it "did not indicate that litigation was imminent").  Nothing like that happened here.  As explained in its opening Memorandum, Build-A-Bear filed the instant case precisely because it was unsure what Defendants intended to do, and wanted this Court to provide clarity as to Build-

7

A-Bear's rights to market and sell SKOOSHERZ™ plush toys, nationally, and under the Lanham Act.  Nothing in that sequence of events amounts to a "red flag"—at least, not a red flag on Build-A-Bear's part.  The attempt to equate the filing of the Florida Lawsuit to a letter threatening to file a parallel lawsuit in a federal court in California is beyond absurd, and should be emphatically rejected by this Court.

Second, Defendants imagine a "red flag" simply because Build-A-Bear's Complaint seeks declaratory relief.  (ECF No. 20 at 11.)  However, declaratory relief is not, in itself, a reason to depart from the first-filed rule.  *See, e.g.*, *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993) (applying first-filed rule to permit declaratory judgment action to proceed); *U.S. Fire Ins.*, 920 F.2d at 488–89 (same); *U.S. Fid. & Guar. Co. v. Am. Guarantee & Liab. Ins. Co.*, No. 4:06-cv-00655 RWS, 2007 WL 1289723, at *5 (E.D. Mo. May 1, 2007) (first filed rule should apply where "it cannot be said that [Plaintiff] has filed the action for declaratory judgment in bad faith").  In fact, the Eighth Circuit has held it is an abuse of discretion to stay a first-filed declaratory judgment action under the Lanham Act in favor of a later-filed infringement action.  *See Verizon*, 295 F.3d at 874–75.  *Verizon* reasoned that "[w]hile not dispositive, it [was] relevant that Verizon filed its declaratory judgment action first."  *Id.* at 874.  Although the declaratory defendant had been "contemplating legal action, [its] cease and desist letter did not indicate that litigation was imminent."  *Id.*  The Eighth Circuit held that the facts "d[id] not support a finding that [the declaratory plaintiff] engaged in improper forum shopping or an anticipatory filing, and the district court's contrary finding amounts to a clear error of judgment."  *Id.*  So too here.[6]

---

[6] Indeed, this is especially true in this trademark case.  As the Eighth Circuit aptly recognized in *Verizon*, "[p]atent and trademark cases are commonly brought in federal court as declaratory judgment actions seeking to establish the validity of a federally registered patent or mark."  295 F.3d at 873.

8

Declaratory relief is particularly appropriate—and not a red flag—where a declaratory plaintiff's activities can be "stymied, or at least chilled" by allegations that its actions are illegal. *Nw. Airlines*, 989 F.2d at 1007. Here, Build-A-Bear seeks a declaration that it may legally market and sell its SKOOSHERZ™ plush toys in interstate commerce, in response to Defendants' meritless trade dress claims, *not in anticipation of specific further litigation*. Defendants' fantastical—and entirely false—contentions could certainly cast a chill over Build-A-Bear's activities, and Build-A-Bear had every right to seek a declaratory judgment that it is operating lawfully across the country. *E.g.*, *Foreign Candy Co.*, 953 F. Supp. 2d at 943 ("When the Plaintiff became aware of a potential issue with the trademark of UNG, it filed a declaratory judgment action to proactively ensure that the expense of developing UNG would not go to waste. The economy flourishes on the backs of companies developing new products and innovating. . . . [A rule requiring a company to wait until receiving notice of a potential trademark issue before filing for declaratory relief] would certainly have a chilling impact on many aspects of the economy. Accordingly, it appears to this Court that the Plaintiff is using its action for declaratory relief for the appropriate reason.").

In reality, a declaratory judgment action signals a "potentially compelling circumstance[]" *only* when it indicates a lawsuit that was "filed in bad faith or in a race to the courthouse." *Boatman's First Nat'l Bank of Kan. City v. Kan. Pub. Emp'ees Retirement Sys.*, 57 F.3d 638, 641 (8th Cir. 1995); *see also Verizon*, 295 F.3d at 874 (quoted above); *Foreign Candy Co.*, 953 F. Supp. 2d at 942 ("[D]eclaratory judgments present compelling circumstances *only if* they are . . . indicative of a preemptive strike." (emphasis added, quotation omitted)). Build-A-Bear did not "race" Defendants to the courthouse because, as explained above, it *had no notice and no reason to believe* that Defendants would file a second lawsuit—in California federal court, no less, at any

9

time.[7]  Instead, it was Defendants who filed their federal action after Build-A-Bear filed this case.  Likewise, Build-A-Bear did not act in "bad faith" by seeking a declaration of its rights after it had been ambushed in Florida state court through an egregious attempt at an *ex parte* end-run around Build-A-Bear's due process rights.  And as Defendants themselves acknowledge, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).[8]

Third, Defendants cite "other factors" they claim justify allowing them to proceed with the less-comprehensive, later-filed California case.  But these "other factors" come nowhere close to being compelling circumstances warranting departure from the "well-established" first-filed rule.  *See U.S. Fire Ins. Co.*, 920 F.2d at 488.

To start, Build-A-Bear did not file a declaratory judgment action to "wrest[] the choice of forum" from Defendants or otherwise "usurp" Defendants' right to sue Build-A-Bear in a forum of their choosing.  (ECF No. 20 at 12–13.)  Defendants had every chance to file their own action

---

[7] Defendants repeatedly and disingenuously emphasize that Build-A-Bear's lawsuit was filed only *hours* before their California Lawsuit, in an attempt to suggest that Build-A-Bear "raced" to the courthouse.  (ECF No. 20 at 2–3, 8–9).  That is false.  Build-A-Bear had no idea what Defendants would do, or when.  Ironically, the timing of the lawsuits which Defendants attempt to "spin" in their favor, if anything, suggests Defendants saw Build-A-Bear's lawsuit filed on February 12, and *they raced to the courthouse* to file their California Lawsuit.  As previously noted, counsel for Defendants emailed a copy of the California Lawsuit to the undersigned immediately after they filed it, so Defendants clearly knew of this lawsuit when they filed the California lawsuit.  (ECF No. 12-8.)

[8] Defendants' citation of *Exxon*—which held that an action in state court does not deprive a federal court of jurisdiction over parallel litigation under the *Rooker-Feldman* doctrine, *see* 544 U.S. at 284—does not help them.  Build-A-Bear's Motion is not dependent on any alleged impropriety in maintaining the California Lawsuit *relative to* the Florida Lawsuit, but on the implications for federal comity, expressed in the first-filed rule, of this Court's priority over the California Lawsuit.  Of course, *Exxon*'s holding that parallel state-federal litigation may possibly be maintained does nothing to show that the Florida Lawsuit put Build-A-Bear on notice that Defendants would proceed with filing the California Lawsuit.

in California federal court and serve Build-A-Bear, rather than proceed with the Florida ambush first.  They did not.  It was only after Build-A-Bear filed this action that Defendants filed their *second* lawsuit in California.  Build-A-Bear could not "usurp" Defendants' right to pick a (second) forum because Build-A-Bear *had no notice* that Defendants contemplated filing the federal California Lawsuit—especially in light of Defendants' filing in Florida and their express representations in the Florida litigation that they wanted to avoid federal court litigation.  Defendants' unforeseen *second* choice for venue, in their *second* parallel lawsuit (or third when considering this case), deserves no deference whatsoever.  The Court should reject Defendants' illogical arguments and faithfully apply the first-filed rule.

Defendants also claim that the California Lawsuit is more comprehensive because they seek damages there.  (ECF No. 20 at 13.)  This is hardly "compelling," as the Eighth Circuit has never held that a damages request is grounds to ignore the first-filed rule.  *Cf. Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (discussing "other" factors relevant to applying the first-filed rule, but not mentioning whether one party seeks damages as a relevant factor); *see contra Verizon*, 295 F.3d at 865 (holding district court abused its discretion in staying earlier-filed declaratory judgment case under Lanham Act in favor of a later-filed case seeking damages for trademark infringement).  More importantly, Defendants' assertions are wrong:  their complaint in the California Lawsuit involves only infringement claims under the Lanham Act, while Build-A-Bear's Complaint in this case seeks declarations of both noninfringement and of invalidity / unenforceability under the Lanham Act.  (*Compare* ECF No. 1; *with Kelly Toys Holdings, LLC, et al. v. Build-A-Bear Workshop, Inc.*, 2:24-cv-01169-JLS-MAR, ECF No. 1 (C.D. Cal.).)  This case would have far broader implications because it would secure Build-A-Bear's rights to market SKOOSHERZ™ plush toys nationwide without fear that it is encroaching on

Defendants' purported trade dress rights anywhere across this country. Moreover, and perhaps even more importantly, this Court can put an end to Defendants' scorched earth, trolling strategy of serially asserting phantom common law trade dress rights against third parties to attempt to chill the marketplace by finding, once and for all, that Defendants have no such rights—period.

## CONCLUSION

Under the first-filed rule, litigation in this Court has priority over litigation in the later-filed, parallel (but less comprehensive) California Lawsuit. Defendants have not shown that any exception to the first-filed rule exists here, and the Court should reject their arguments that the California Lawsuit is "actually" the first-filed case. Any race to the courthouse was by Defendants, not Build-A-Bear. This Court should grant Build-A-Bear's Motion to Enjoin and proceed to fully and finally resolving the trade dress dispute between the parties.

Further, the Court need not wait to decide Build-A-Bear's Motion to Enjoin, which by this filing is fully briefed, until Defendants' personal jurisdiction challenge is ripe for disposition. Build-A-Bear should not be compelled to continue litigating this trade dress dispute in the later-filed California Lawsuit any longer than necessary. To be sure, the Court can take Defendants' personal jurisdiction challenge with the case and dispose of it in due course, once fully briefed. But the mere filing of that challenge cannot and should not enable Defendants' unabashed forum shopping, to the detriment and expense of Build-A-Bear.

        Respectfully submitted,

Dated: March 14, 2024        **LEWIS RICE LLC**

        By:  /s/  Michael J. Hickey
        Michael J. Hickey, #47136(MO)
        mhickey@lewisrice.com
        Philip J. Mackey, #48630(MO)
        pmackey@lewisrice.com
        Allison E. Knopp, #74724(MO)
        aknopp@lewisrice.com
        600 Washington Avenue, Suite 2500
        St. Louis, Missouri 63101
        (314) 444-7630
        (314) 612-7630 (fax)

        ***Attorneys for Plaintiff***
        ***Build-A-Bear Workshop, Inc.***