# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **2:23-cv-09255-MCS-AGR** | Date | March 5, 2024 |
|---|---|---|---|
| Title | ***Kelly Toys Holdings, LLC et al. v. Zuru, LLC*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER ON MOTION TO DISMISS (ECF NO. 23)**

Defendant Zuru, LLC moves to dismiss the complaint of Plaintiffs Kelly Toys Holdings, LLC, Jazwares, LLC, Kelly Amusement Holdings, LLC, and Jazplus, LLC (collectively, "Kelly Toys"). (Mot., ECF No. 23.) Plaintiffs opposed the motion, (Opp'n, ECF No. 26), and Defendant replied, (Reply, ECF No. 28).

Defendant also filed a request for judicial notice of documents filed in support of its motion to dismiss. (RJN, ECF No. 23-3.) Plaintiffs opposed the request, (RJN Opp'n, ECF No. 27), and Defendant replied, (RJN Reply, ECF No. 29).

## I.    BACKGROUND

Plaintiffs assert that they are among the world's leading manufacturers and distributors of high-quality plush toys. (Compl. ¶ 1, ECF No. 1.) In 2016, Kelly Toys released their Squishmallows line. (*Id.*) The Squishmallows line includes a broad range of plush toys with various designs that share common features. (*Id.* ¶ 24.) Though each design is unique, Plaintiffs aver the Squishmallows share a distinctive trade dress. (*Id.* ¶ 23.) Plaintiffs describe the alleged Squishmallows' trade dress (the "Trade Dress") as:

(1) substantially egg/bell shaped plush toys depicting various similarly shaped fanciful renditions of animals/characters; (2) simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys; (3) embroidered facial features, such as eyes, nostrils, and/or mouths; (4) distinctive contrasting and non-monochrome coloring; and (5) short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel.

(*Id.* ¶ 24.)

Plaintiffs also include several photos depicting the Trade Dress. According to Plaintiffs, most of the Squishmallows' designs are the subject of United States copyright registrations or pending applications therefor. (*Id.* ¶ 21.)

Plaintiffs allege that in 2023, Zuru released plush toys with the "*same distinctive trade dress*" as Squishmallows, known as "Snackles." (*Id.* ¶ 3.) Plaintiffs allege Zuru has been trying to create confusion in the marketplace "to trick customers looking for Squishmallows to buy Snackles instead." (*Id.* ¶ 4.) Zuru's actions, they aver, have already caused significant harm by forcing them to spend "more time and resources to compete with Snackles products that employ Squishmallows' own trade dress and copyrights." (*Id.* ¶ 6.) Plaintiffs aver Zuru's acts are "willfully infringing" the Trade Dress and are "likewise willfully infringing on [Kelly Toys Holdings, LLC's] copyrights by selling its Snackles products that copy constituent elements of those copyrights." (*Id.* ¶ 7.)

Plaintiffs bring five claims against Defendant: (1) trade dress infringement under the Lanham Act, (2) common law trade dress infringement, (3) copyright infringement under the Copyright Act, (4) common law unfair competition, and (5) California statutory unfair competition. (*Id.* ¶¶ 61–102.)

///

## II.    REQUEST FOR JUDICIAL NOTICE

Defendant requests that the Court take judicial notice of several documents filed in support of its motion to dismiss. (RJN ¶¶ 1–6, ECF No. 23-2 to 23-4.) The Court **denies** Defendant's request because consideration of the documents is unnecessary for the resolution of this motion. *Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016).

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## IV.    DISCUSSION

Defendant raises two arguments in support of its motion: (1) Plaintiffs failed to meet their burden to adequately define protectable trade dress, and (2) Plaintiffs failed to provide assurance to Defendant that the photos of the "Copyrighted Works" are the same as the toys that are the subject of the copyright registrations. (Mot. 13–24.)

---

### A.     Trade Dress

"Trade dress refers generally to the total image, design, and appearance of a product and 'may include features such as size, shape, color, color combinations, texture or graphics.'" *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)). "To prove trade dress infringement, a plaintiff must demonstrate that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (citing *Disc Golf Ass'n v. Champion Discs*, 158 F.3d 1002, 1005 (9th Cir. 1998)). Defendant argues Plaintiffs' trade dress claims are "too vague and overbroad to adequately articulate any cognizable trade dress rights." (Mot. 13.) The Court interprets this as an argument that Plaintiffs fail to meet their pleading burden under Rule 8(a).

Under Rule 8(a), the complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (ellipsis in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a) ensures that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Rule 8 may be violated when a pleading "says *too little*," or "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for these reasons).

Defendant argues Plaintiffs' description of the Trade Dress "fail[s] to adequately define any cognizable trade dress that meaningfully encompasses their enormous and highly varied product line-up." (Mot. 14.) For example, Defendant notes, "Plaintiffs do not define what they mean by 'Simplified Asian style Kawaii,' nor is it apparent from looking at the pictures of the Squishmallows, whose appearances are highly varied." (Mot. 16.) In response, Plaintiffs argue that they "have provided a sufficient recitation of the trade dress at issue" because they have "alleged a complete recitation of the concrete elements of its alleged trade dress." (Opp'n 8 (cleaned up).) However, authority cited by Plaintiffs supports the notion

that courts should address the sufficiency of a plaintiff's trade dress description prior to evaluating the substantive elements of its trade dress infringement claim. *See Kellytoy Worldwide, Inc. v. Hugfun Int'l, Inc.*, No. CV-19-07652-MWF (MAAx), 2019 WL 8064073, at \*4 (C.D. Cal. Dec. 4, 2019) (addressing the sufficiency of plaintiff's trade dress description under Rule 8 prior to addressing the elements of plaintiff's trade dress claim). To this point, Plaintiffs aver their "trade dress description and pictures are sufficient to put Defendant on notice under Rule 8." (Opp'n 10; *see id.* at 10–16.) "However, the mere presence of pictures and a written list is not *per se* sufficient [to satisfy Rule 8 on a trade dress claim], [each complaint] must be evaluated on a case by case basis." Order Re Defs.' Mot. to Dismiss 9, *Kellytoy USA, Inc. et al. v. Dan-Dee Int'l, Ltd.*, 2:18-cv-05399-JAK-AGR (C.D. Cal. Feb. 7, 2019) (Kronstadt, J.), ECF No. 39.[1]

Plaintiffs' written description of the claimed trade dress is general and does not provide sufficient specificity as to the nature and scope of Plaintiffs' claim. There are substantial differences among the various designs of the Squishmallows, and neither the description nor the images in the complaint provide the "level of clarity about the nature and scope of the claimed trade dress." *Id.* For example, the "simplified Asian style Kawaii faces" descriptor says nothing about what it means. Plaintiffs rely on questionable orientalist tropes without doing much to describe the asserted trade dress. The Court agrees with Defendant that the claimed trade dress description is too broad and ambiguous to form the basis of a plausible claim for trade dress infringement and therefore does not satisfy the requirements of Rule 8.[2]

---

[1] Defendants attach a copy of Judge Kronstadt's order as an exhibit to counsel's declaration at ECF No. 23-2.

[2] The Court acknowledges that a different court in this district found a similar claimed trade dress description sufficient under Rule 8. *See Kellytoy Worldwide, Inc. v. Hugfun Int'l, Inc.*, No. CV-19-07652-MWF (MAAx), 2019 WL 8064073, at \*4 (C.D. Cal. Dec. 4, 2019) (Fitzgerald, J.). Respectfully, this Court disagrees. Squishmallows sells hundreds of different products that are vastly different in design. (*See generally* Compl.; Mot.) In comparing the images provided in the complaint and Defendant's motion to Plaintiffs' trade description, it is clear to the Court that the description is vague and does not meaningfully account for the variety in the products. (*See* Opp'n 18–19.) That the claimed trade dress description contains more words than the trade dress description in *Dan-Dee Int'l Ltd.* is irrelevant—the definitions are functionally the same.

Plaintiffs represent that none of their state law claims will be premised on copyright infringement, (Opp'n 21), and assert in the complaint that their unfair competition claims are predicated on their trade dress claims, (*see* Compl. ¶¶ 95–96, 102). Because the Court finds Plaintiffs' trade dress description was not pleaded sufficiently, it **GRANTS** Defendant's motion to dismiss the first, second, fourth, and fifth causes of action.

## B.      Copyright Infringement

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)).

Although Plaintiffs aver the only plaintiff asserting a claim for federal copyright infringement is Kelly Toys Holdings, LLC, (Opp'n 21), it is not clear from the complaint which parties assert this cause of action, (*see* Compl. ¶¶ 85–89). Therefore, the Court adjudicates Defendant's challenges to the copyright infringement claims assuming those claims were made by all Plaintiffs. Defendant does not challenge the validity of the copyrights. (Mot. 23–24.) Though it purports to request dismissal of the federal copyright claim, Defendant apparently requests that the Court require Plaintiffs to amend their complaint "to clarify whether the images shown as the 'Copyrighted Works' in the Complaint depict the same toys as are shown in the deposit copies at the Copyright Office, or if they are not, Plaintiffs should supply such images as part of an amended pleading." (*Id.* at 24.) Defendant does not provide support for its argument that Plaintiffs' federal copyright claim should be dismissed pursuant to Rule 12(b)(6) on the basis that the pleading lacks this assurance. Defendant provides just one unpublished, out-of-circuit case to support its request that the Court require Plaintiffs to amend their complaint or provide the deposit copies, but that case reviewed a dismissal at summary judgment and does not support the proposition that Defendant is entitled to the relief it requests on a motion to dismiss. *See Parker v. Hinton*, No. 22-5348, 2023 WL 370910, at *4 (6th Cir. Jan. 24, 2023). Therefore, the Court **DENIES** Defendant's motion to dismiss Plaintiffs' copyright infringement claims on this ground and **DENIES** the alternative relief requested in its motion. On balance, the Court encourages Plaintiffs to cooperate with Defendant's request given that the copyright infringement claims will fail if it cannot establish the photos it provided in the complaint are the subject of copyright registrations. (*See* Initial Standing Order § 8(b), ECF No. 19 (noting

---

that "[d]iscovery is not stayed prior to the Scheduling Conference" and that "counsel should begin to conduct discovery actively before the Scheduling Conference").)

### C. Leave to Amend

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). This is Plaintiffs' first complaint. They suggest that, if granted leave to amend, they would "restate the trade dress allegations in greater detail to address those deficiencies." (Opp'n 21.) The Court grants Plaintiffs leave to amend their complaint to address the deficiencies identified by the Court related to their trade dress description and to clarify which Plaintiffs assert the claims for copyright infringement. The Court warns that a subsequent pleading containing another ill-defined trade dress description may result in a final dismissal of the trade dress claims. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment.").

## V. CONCLUSION

Defendant's motion is granted in part and denied in part. Plaintiffs' first, second, fourth, and fifth causes of action are dismissed. Plaintiffs may file an amended complaint within 14 days of this Order if they can do so consistent with Federal Rule of Civil Procedure 11(b). Failure to file a timely amended complaint will waive the right to do so. Leave to add new defendants or claims must be sought by a separate, properly noticed motion. Any amended complaint must be accompanied by a redline version showing any additions, deletions, and changes. (Initial Standing Order § 10(a).)

**IT IS SO ORDERED.**