# EXHIBIT C

Filing # 193115176 E-Filed 03/01/2024 01:12:16 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

JAZWARES, LLC, a Delaware
Limited Liability Company, KELLY
TOY HOLDINGS, LLC, a Delaware
Limited Liability Company, KELLY
AMUSEMENT HOLDINGS, LLC, a
Delaware Limited Liability Company,
And JAZPLUS, LLC, a Delaware
Limited Liability Company,

       Plaintiff,

vs.

BUILD-A-BEAR WORKSHOP, INC.,
a Delaware Corporation,

       Defendant.

_____/

CASE NO.:  CACE 24-001221

### PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

Plaintiffs, Jazwares, LLC; Kelly Toy Holdings, LLC; Kelly Amusement Holdings, LLC;

and JazPlus, LLC (collectively "Plaintiffs"), by and through the undersigned counsel of record,

and, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby request that Defendant,

Build-A-Bear Workshop, Inc., produce at the law offices of the undersigned as provided for in

Rule 1.350 of the Florida Rules of Civil Procedure, originals or copies of the items on the attached

list, in its possession, custody, or control.

[2546895/5]                                        1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been furnished through the Florida Court's Portal E-Service pursuant to Florida Rules of Judicial Administration 2.516 this 1st day of March, 2024, and that this document is being served along with the Verified Complaint via process server.

Dated: March 1, 2024          Respectfully submitted,

> ZEBERSKY PAYNE SHAW LEWENZ, LLP
> 110 S.E. 6th Street, Suite 2900
> Fort Lauderdale, FL  33301
> Telephone: (954) 595-6060
> Facsimile:  (954) 989-7781
> Email: ezebersky@zpllp.com;
> jshaw@zpllp.com; zludens@zpllp.com;
> lpalen@zpllp.com; mlomastro@zpllp.com;
> lgrealy@zpllp.com
>
> */s/ Zachary D. Ludens*
> EDWARD H. ZEBERSKY, ESQ.
> Fla. Bar No.: 908370
> JORDAN A. SHAW, ESQ.
> Fla. Bar No.: 111771
> ZACHARY D. LUDENS, ESQ.
> Fla. Bar No.: 111620
> LAUREN N. PALEN, ESQ.
> Fla. Bar No.: 1038877

## DEFINITIONS

1.     "Communication" or "Communications" means any conveyance or receipt of information whether by letter, memo, or other writing, or whether orally, or in person, or by telephone, and includes, without limitation, all inquiries, discussions, negotiations, agreements, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, e-mails, text messages, WhatsApp messages, messages from other messaging platforms, Facebook messages, direct messages on Instagram or Twitter, and facsimiles.

2.     "Document" means, by way of illustration only and not by way of limitation, any written or graphic matter of any kind and description, whether printed or reproduced by any process, or written and/or produced by hand, whether final or draft, original or reproduction, whether or not claimed to be privileged or otherwise excludable from discovery, in Your actual or constructive possession, custody, or control, including without limitation: letters; correspondence; communications; electronic mail; memoranda; notes; transcripts; files; contracts; agreements; licenses; memoranda of telephone or personal conversations; microfilm; microfiche; log; telegrams; transmissions; statements; notices; trade letters; reports; transcripts or oral statements of testimony; computer-generated programs and printouts; magnetic or nonmagnetic recordation discs; computer files, programs, and directories; opinions or reports of consultants; forecasts; court papers; notes; work papers; and any and all other data, compilations, or information resources from which information can be obtained, translated, or downloaded, if necessary, through detection devices into written, graphic form.

3.     "Pertaining to," "referenced," "regarding," "concerning," "relating to," "related," "related to," or "relates to" means logically connected with or tending to be associated with either in logic or reason.

4.     "You" or "Your" refers to Build-A-Bear, Inc., and its agents (including vendors and contractors), employees, officers, directors, or representatives, to the fullest extent that the context permits.

5.     "Squishmallows Trade Dress" refers to the overall look and image of Squishmallows, including (1) substantially egg/bell shaped plush toys depicting various similarly shaped fanciful renditions of animals/characters; (2) simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts, and bellies) and which conform to and support the overall egg/bell shape of the toys; (3) embroidered facial features, such as eyes, nostrils, and/or mouths; (4) distinctive contrasting and non-monochrome coloring; and (5) short-pile exterior.

6.     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

7.     "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

8.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

[2546895/5]                                    3

9.     "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

10.     The terms "third party" or "third parties" refers to individuals or entities that are not a party to this action.

11.     The "Agreement" means that certain Distribution Agreement dated on or about January 7, 2022, by and between Psichogios Publications SA and Jazwares, LLC.

12.     <u>Unless otherwise specified, each production request includes the period of time from January 1, 2022, through the present. The term "present" means the date which the documents responsive to this request are produced by Defendant.</u>

## INSTRUCTIONS

In responding to these Requests, please furnish all documents that are available to You, including, but not limited to, information that is in the possession of Your agents, representatives, investigators, and unless privileged or otherwise protected, Your attorneys and Your attorneys' agents, employees, representatives, or investigators.

1.     Any copy of a document on which any notation, addition, alteration, or change (including any marginalia) has been made is to be treated as constituting an additional original document and You are required to produce the same.

2.     As to the manner of production, the documents shall be organized for production as they are kept in the usual course of business or they shall be organized and labeled or numbered so as to correspond with these Requests.

3.     If any document requested is no longer in Your possession, custody, or control, or is unobtainable by You, then You must provide an explanation of why the document is no longer in Your possession, custody, or control and identify its current location; the date the document was last in Your possession, custody, or control; the current custodian of the document; the title, length, and type of document (*e.g.*, notes, reports, etc.) and the subject matter and contents of the document; and an explanation of Your attempts to obtain the document.

4.     In answering this discovery, furnish all information which is available to You, including information which is in the possession of Your attorneys, investigators for Your offices, employees, and agents, and not merely such information known of Your own personal knowledge.

5.     If You cannot answer these requests in full, after due diligence to secure information to do so, state the answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

6.     If You object to responding to any request or identifying and/or producing any document or electronically stored information as requested herein due to any privilege, You must provide the following:

a.    The specific privilege(s) claimed;

b.    A privilege log according to all relevant law;

c.    The rule being invoked, if the privilege is being asserted in connection with a claim or defense governed by law;

d.    If the privilege asserted relates to an oral communication:

    i.    the place where it was made;

    ii.    the names of the persons present while it was made; and

    iii.    the relationship of the persons present to the declarant;

e.    If the privilege asserted relates to a document:

    i.    the Date (as defined above) of the document, electronically stored information or oral communication;

    ii.    its type (*e.g.*, letter or memorandum) and, if electronically stored information, the software application used to create it (*e.g.*, Microsoft Word or Microsoft Excel Spreadsheet); and

    iii.    the general subject matter of the document, electronically stored information, or oral communication.

    iv.    the custodian, location, and such other information sufficient to identify the material for a subpoena *duces tecum* or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee.

7.    Electronically Stored Information ("ESI"):

a.    When processing ESI for review and for production, to the extent reasonably practicable: Force off Auto Date and force on hidden columns or rows, hidden worksheets, speaker notes, track changes, and comments. If ESI has hidden text (*e.g.*, track changes, hidden columns, comments, notes, markups, etc.) associated with it, please produce the ESI in a form showing such hidden text to the extent reasonably practicable. If producing hidden text is not reasonably practicable, please contact undersigned counsel regarding possible alternatives.

b.    All electronically stored information ("ESI") shall be produced in the following forms:

    i.    Bates stamped, readable, OCR searchable, and non-password protected PDF (.pdf) multi-paged images or TIFF (.tiff) images. For

files produced as TIFF images, each page of a document shall be electronically saved as an image file. If a document consists of more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image files. The producing Party shall produce a unitization file ("load file") for all produced documents. Accompanying a TIFF production shall be a multipage text (.TXT) file containing searchable text from the native file, including, with regard to email, the email header text, and the metadata as discussed below. Load files of the Static Images shall be created and produced together with their associated Static Images to facilitate the use of the produced images by a document management or litigation support database system

and

ii.      Native format with all corresponding metadata. Spreadsheets (*e.g.*, Excel, Lotus), video/audio files (*e.g.*, wav, .mp3, .aiff, .wmv), and such other document types upon which the Parties may agree, should be produced in native format, except where such files are redacted in accordance with applicable law or order of the Court. If production in native format is necessary to decipher the meaning, context, or content of a document produced according to the prescribed format, we expect that You will honor reasonable requests made in good faith for either the production of the original document for inspection and copying or production of the document in native format. All documents produced solely in native format should (i) have an assigned document-level Bates number, (ii) be renamed according to the assigned Bates number, and (iii) have a "nativepath" populated along with the metadata load file pursuant to the guidelines outlined in section 7(e) below. To the extent that You also produce TIFF images of certain ESI, native file productions shall also be accompanied by a TIFF placeholder with the Bates number and original filename endorsed ("burned") onto the image, as well as any confidentiality designation associated with that document. Compliance with these provisions shall not constitute spoliation.

iii.      Metadata – The following metadata fields (to the extent available) shall accompany each produced ESI file.

   •      BegDoc (beginning Bates number of the first page of a document)
   •      EndDoc (ending Bates number of the last page of the document)
   •      BegAttach (Bates number associated with the first page of a parent document)

- EndAttach (Bates number associated with the last page of the last attachment to a parent document)
- Attach Count (number of attachments to an email or e-doc)
- DocTitle (e-docs only)
- ThreadID (emails only)
- Thread_in_Reply_to (emails only)
- Thread_references (emails only)
- File/folder path (the full path to the file at its original location)
- ParentID (beginning Bates number for the parent email or e-doc)
- AttachIDs (beginning Bates number(s) for the attachment(s) associated with a parent e-mail of e-doc)
- FamilyID (An ID that is unique to the entire family group (email and attachments)
- Family Date (for emails and attachments only, corresponding to the sent or received date of the email to which the attachment is linked)
- MessageID (emails only)
- Sent Date (for emails and calendar invitations)
- Sent Time (for emails and calendar invitations)
- Last Modified Date (all documents)
- Last Modified Time (all documents)
- Created Date (all documents)
- Created Time (all documents)
- Received Date (for emails only)
- Received Time (for emails only)
- Call Start (start date and time of a calendar or appointment)
- Last Print Date (for e-docs)
- Author (e-docs only)
- From ("From" field in emails)
- Recipients ("To" field in emails)
- cc: (for emails only)
- bcc: (for emails only)
- Subject ("Subject" field in emails)
- Participants (names included in a meeting invitation)
- Attach Title (email attachments title list)
- Application (type of application used to generate the document)
- Custodian
- Duplicate custodian (the name of any custodian whose duplicate file was removed during production)
- MD-5 Hash Value
- SHA-1 Hash Value
- Page Count (number of pages in a document)

[2546895/5]                                    7

- Original File Name (the original file name of an e-doc or attachment to an email)
- Doc extension (the file extension of a document)
- Full Text (the full path to the OCR/extracted text file on Production Media)
- NativeLink (the full path to the native file produced)

## REQUESTS FOR PRODUCTION

1. Any and all non-privileged internal communications regarding the genesis of Skoosherz, including but not limited to Skoosherz's creation, manufacturing, sale, design, origin, name, and future.

2. Any and all non-privileged communications between You and any of Your franchisees, affiliates, and subsidiaries regarding Skoosherz, including but not limited to Skoosherz's creation, manufacturing, sale, design, origin, name, and future.

3. Any and all non-privileged internal communications mentioning "Squishmallows."

4. Any and all non-privileged internal communications mentioning "Squish."

5. Any and all non-privileged internal communications mentioning "Jazwares" or "Kelly Toys."

6. Any and all non-privileged internal communications referring, relating, or pertaining to the similarities between Skoosherz and Squishmallows.

7. Any and all non-privileged communications with any marketing agencies utilized by You mentioning "Squishmallows."

8. Any and all non-privileged communications with any marketing agencies utilized by You mentioning "Squish."

9. Any and all non-privileged communications with any outside design firms utilized by You mentioning "Squishmallows."

10. Any and all non-privileged communications with any outside design firms utilized by You mentioning "Squish."

11. Any and all communications between You and any consumer referencing the similarity between Skoosherz and Squishmallows.

12. Any and all communications in Your possession, including, but not limited to, employee emails referencing the similarity between Skoosherz and Squishmallows.

13. All documents relating to Skoosherz's advertising, marketing, and promotion, including email lists, list server information, subscribers' lists, marketing and advertising plans (formal and informal), and all related correspondence.

14. All documents that reflect Your knowledge or use of the Squishmallows Trade Dress.

15. All documents relating to Your marketing of Skoosherz, including but not limited to copies of each marketing campaign along with a list of recipients and any responses.

[2546895/5]                                         9

16.     All documents reflecting web traffic information at any websites owned, operated, or otherwise run by You, including but not limited to reports, demographics, and information on website visitors.

17.     All documents relating to any Skoosherz distributors or retailers.

18.     All documents relating to any purchase by You of any Squishmallows products.

19.     All documents that relate to, reflect, or describe every instance of Your use of the Squishmallows Trade Dress in connection with the sale, offering for sale, distribution, or advertisement of any goods or services, including Skoosherz.

20.     All documents that relate to, reflect, or describe the identity of the customers of Skoosherz, including but not limited to any customer lists, addresses, and sales associated with each customer.

21.     All documents that describe or refer to an instance in which any member of the public or anyone else raised any questions or concerns about whether there is an association, affiliation, or connection between Skoosherz and Squishmallows.

22.     All documents that describe, refer to and/or relate to your presence at any of Plaintiffs' events, conventions, conferences, or organizational meetings.

23.     All documents and things relating to Your yearly dollar and unit volume of sales to date and projected future dollar and unit volume of sales of each product and service You offer in connection with the sale of Skoosherz.

24.     All documents and things relating to Your creation, selection and design of labels, packaging, advertising and promotional materials, product information sheets, catalogs, brochures, web pages, pamphlets, price lists, and other documents relating to Skoosherz, including draft versions of any such documents.

25.     All documents that relate to instances of actual or possible confusion, mistake, deception, or association of any kind between Skoosherz and Squishmallows.

26.     Any and all minutes from any internal meeting to discuss Skoosherz.

27.     Any and all notes from any internal meeting to discuss Skoosherz.

28.     All documents to support any affirmative defenses to Plaintiffs' Complaint.

29.     All documents to support your claims in *Build-A-Bear Workshop, Inc. v. Kelly Toys Holdings, LLC, et al.* (Eastern District of Missouri Case No. 4:24-cv-00211).

30.     All documents that were reviewed in order to respond to or that are identified in response to Plaintiffs' First Set of Interrogatories to Defendant.

[2546895/5]                                            10