**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

BUILD-A-BEAR WORKSHOP, INC.,

      Plaintiff,

vs.

KELLY TOYS HOLDINGS, LLC; et al.,

      Defendants.

Case No. 4:24-cv-00211-MTS

Hon. Matthew T. Schelp

## <u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS</u>

6622605

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT ..........................................................................................................4

      A.      This Case Must be Dismissed in Favor of the California Case ...............4

      B.      This Court Does Not Have Personal Jurisdiction Over
              Defendants .........................................................................................9

III.  CONCLUSION.....................................................................................................15

6622605

# TABLE OF AUTHORITIES

### Cases

*Acumen Brands, Inc. v. NHS, Inc.*,
    No. 5:16-CV-05284, 2017 WL 1330212 (W.D. Ark. Apr. 6, 2017) ........................... 10, 11, 12

*Allied Ins. Co. of Am. v. JPaulJones L.P.*,
    491 F. Supp. 3d 472 (E.D. Mo. 2020)............................................................................ passim

*Am. Eagle Outfitters, Inc. v. Lyle & Scott Ltd.*,
    No. 2:20-cv-1488 RJC, 2021 WL 4287997 (W.D. Pa. Sept. 21, 2021)................................... 13

*Anheuser-Busch, Inc. v. City Merch.*,
    176 F. Supp. 2d 951 (E.D. Mo. 2001)..................................................................... 13

*Anheuser-Busch, Inc. v. Supreme Int'l Corp.*,
    167 F.3d 417 (8th Cir. 1999) ........................................................................... 9

*Arctic Cat Inc. v. Speed RMG Partners, LLC*,
    No. 19-CV-00873(NEB/LIB), 2019 WL 3858649 (D. Minn. Aug. 16, 2019).................. 6, 7, 8

*BASF Corp. v. Symington*,
    50 F.3d 555 (8th Cir. 1995) ........................................................................ 1, 15

*Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*,
    57 F.3d 638 (8th Cir. 1995) ........................................................................ 4, 6

*Briskin v. Shopify, Inc.*,
    87 F.4th 404 (9th Cir. 2023) ........................................................................... 12

*Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*,
    42 F.4th 948 (8th Cir. 2022) .................................................................... 10, 14

*BuilderTrend Sols., Inc. v. VBConversions, LLC*,
    No. 8:17CV195, 2017 WL 6017507 (D. Neb. Oct. 4, 2017)...................................... 2

*C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*,
    No. 4:20-cv-01444-MTS, 2021 WL 3725680 n.9 (E.D. Mo. Aug. 23, 2021) ....................... 14

*Calder v. Jones*,
    465 U.S. 783 (1984)........................................................................... 14

*Cent. Bank of St. Louis v. Nec Amarillo Emergency Ctr.*,
    No. 4:17-CV-02214 ERW, 2017 WL 4888981 (E.D. Mo. Oct. 30, 2017) ............................. 6

*Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*,
    127 F. Supp. 3d 1020 (E.D. Mo. 2015).................................................................. 5

*Clune v. Alimak AB,*
    233 F.3d 538 (8th Cir. 2000) ................................................................ 11

*Creative Compounds, LLC v. Sabinsa Corp.,*
    No. 1:04CV114CDP, 2004 WL 2601203 (E.D. Mo. Nov. 9, 2004) ...................... 1, 7

*Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.,*
    89 F.3d 519 (8th Cir. 1996) .................................................................. 13

*Eveready Battery Co. Inc. v. L.P.I. Consumer Products, Inc.,*
    464 F. Supp. 2d 887 (E.D. Mo. 2006) ...................................................... 9

*Fair v. Kohler Die & Specialty Co.,*
    228 U.S. 22 (1913) ............................................................................ 15

*Fidrych v. Marriott International, Inc.,*
    952 F.3d 124 (4th Cir. 2020) ................................................................ 15

*Ford Motor Co. v. Mont. 8th Judicial Dist. Ct.,*
    592 U.S. 351 (2021) ........................................................................... 11

*Golden Trade, S.R.L. v. EV. R, Inc.,*
    No. 4:06CV1033HEA, 2007 WL 1125699 (E.D. Mo. Apr. 16, 2007) ................... 5

*Guinness Imp. Co. v. Mark VII Distributors, Inc.,*
    153 F.3d 607 (8th Cir. 1998) ................................................................ 13

*Hearst Corp. v. Goldberger,*
    No. 96 CIV. 3620 (PKL) (AJP), 1997 WL 97097 (S.D.N.Y. Feb. 26, 1997) ......... 14

*Irvin v. Brown,*
    No. 4:22-CV-00256-DGK, 2023 WL 3853963 (W.D. Mo. June 6, 2023) ............... 10

*Johnson v. Arden,*
    614 F.3d 785 (8th Cir. 2010) ................................................................ 14

*Jones v. Papa John's Int'l, Inc.,*
    2023 WL 7155562 (E.D. Mo. Oct. 31, 2023) .............................................. 12

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.,*
    648 F.3d 588 (8th Cir. 2011) ................................................................ 12

*Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.,*
    74 F.4th 928 (8th Cir. 2023) ................................................................ 14

*LNS Enterprises LLC v. Cont'l Motors, Inc.,*
    22 F.4th 852 (9th Cir. 2022) ................................................................ 12

6622605

*Maritz, Inc. v. Cybergold, Inc.*,
  947 F. Supp. 1328 (E.D. Mo. 1996) ........................................................................... 14

*Midwestern Indem. Co. v. H&L Assocs. of Kansas City, LLC*,
  No. 12-01315-CV-W-BP, 2013 WL 12142651 (W.D. Mo. Jan. 22, 2013) .............................. 9

*Morningside Church, Inc. v. Rutledge*,
  9 F.4th 615 (8th Cir. 2021) ....................................................................................... 11

*Nw. Airlines, Inc. v. Am. Airlines, Inc.*,
  989 F.2d 1002 (8th Cir. 1993) ..................................................................................... 6

*Orthmann v. Apple River Campground, Inc.*,
  765 F.2d 119 (8th Cir. 1985) .............................................................................. passim

*Physical Therapy, LLC v. Apex Physical Therapy*, LLC,
  No. 17-3149-CV-S-BP, 2017 WL 9717215 (W.D. Mo. July 6, 2017) ................................... 6

*Planet Techs., Inc. v. Planit Tech. Grp., LLC*,
  735 F. Supp. 2d 397 (D. Md. 2010) ............................................................................. 13

*Solar Gear Inc. v. Sunglass Hut Int'l Inc.*,
  No. C-93-20931 RMW, 1994 WL 587237 (N.D. Cal. May 24, 1994) ................................. 13

*Soo Line R.R. Co. v. Hawker Siddeley Canada, Inc.*,
  950 F.2d 526 (8th Cir. 1991) ................................................................................... 5, 6

*Triad Media, Inc. v. Stone*,
  No. 10-0165-CV-W-SOW, 2010 WL 11509208 n.5 (W.D. Mo. Nov. 2, 2010) ..................... 14

*Valued Pharmacy Servs. of Midwest, LLC v. Avera Health Plans, Inc.*,
  No. 4:21-CV-400RLW, 2022 WL 444087 (E.D. Mo. Feb. 14, 2022) ................................... 11

*Vandelune v. 4B Elevator Components Unlimited*,
  148 F.3d 943 (8th Cir. 1998) ................................................................................ 3, 13

*Verizon Commc'ns, Inc. v. Inverizon Int'l, Inc.*,
  295 F.3d 870 (8th Cir. 2002) .................................................................................. 7, 8

*Walden v. Fiore*,
  571 U.S. 277 (2014) .................................................................................................. 3

*ZeaVision LLC v. Bausch & Lomb Inc.*,
  No. 4:21-CV-00072 JAR, 2021 WL 5905986 (E.D. Mo. Dec. 14, 2021) .......................... 6, 12

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
  952 F. Supp. 1119 (W.D. Pa. 1997) ............................................................................ 14

- iv -

Rules

Fla. R. Civ. P. 1.070(j) ................................................................................................................ 2

6622605

## I.      **INTRODUCTION**

Despite its unnecessarily fiery rhetoric and incorrect characterizations, Build-A-Bear's opposition confirms that this case must be dismissed. As Defendants detailed in their opening brief, the Eighth Circuit instructs that a "suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed." (ECF 18 at 8 (quoting *BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995).) Build-A-Bear identifies no new facts to genuinely dispute that both of the Eighth Circuit's "red flags" are present here: (i) this case was filed in Missouri two weeks *after* Build-A-Bear was put on notice that Defendants were initiating trade dress litigation against Build-A-Bear; and (ii) it filed declaratory judgment claims in Missouri even though it knew that Defendants are not based here, do not have any offices here, do not have any employees here, and had recently asserted similar federal claims for trade dress and copyright infringement in *California*, not Missouri. (*Id.* at 5-9.) This action thus represents Build-A-Bear's "attempt to deprive the real plaintiff [Defendants here] of his or her choice of forum by winning a race to the [federal] courthouse," which should result in dismissal. *Creative Compounds, LLC v. Sabinsa Corp.*, No. 1:04CV114CDP, 2004 WL 2601203, at *2 (E.D. Mo. Nov. 9, 2004) (dismissing supposed first-filed case).

In addition, developments after Defendants filed their Motion further confirm Build-A-Bear's intent to use this case to improperly wrest forum choice from Defendants, the natural plaintiffs. Build-A-Bear does not, and cannot, dispute that Defendants filed the Florida Case[1] on January 25, 2024, two weeks *before* this case. Yet on March 14, Build-A-Bear filed a motion to stay in Florida, arguing that the *Florida Case* should be stayed until final resolution of this case because Build-A-Bear served its complaint in this case first. (ECF 31 at 4 n.4.)

---

[1] All defined terms retain their definitions from the opening brief. (ECF 18.)

If Build-A-Bear has its way, Defendants will not be able to prosecute their claims in *either* Florida or California, instead being forced to litigate as the defendants in *Build-A-Bear's* chosen forum in Missouri (where, as explained below, there is no jurisdiction over Defendants). Permitting Build-A-Bear's carefully orchestrated stratagem to succeed would incentivize future retaliatory declaratory judgment actions seeking to preempt the natural plaintiffs' rights of forum choice, especially where procedural rules allow more time for service of the original complaint, including service of procedurally proper discovery requests. (*Compare* ECF 12 at 8 (arguing that Defendants "abandon[ed]" the Florida Case by not serving its complaint within two weeks), *with* Fla. R. Civ. P. 1.070(j) (permitting *120 days* to serve a complaint); *id.* at 1.350(b) (permitting parties to serve discovery with service of the initial complaint, as Defendants did here).) To avoid that absurd result, this Court should follow many other Eighth Circuit district courts in dismissing or transferring actions where, as here, the evidence is clear that a declaratory judgment plaintiff is seeking to "usurp" forum choice. *See, e.g.*, *BuilderTrend Sols., Inc. v. VBConversions, LLC*, No. 8:17CV195, 2017 WL 6017507, at *4 (D. Neb. Oct. 4, 2017) (holding that the "anticipatory-suit exception to the first-filed rule applies in this case" because declaratory judgment plaintiff "usurp[ed]" the true plaintiff's forum choice).

The Eighth Circuit also dismisses first-filed declaratory judgment actions where there is a genuine dispute about personal jurisdiction in the first-filed forum. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) ("federal comity doctrine is best served" by dismissing first-filed declaratory judgment action with jurisdictional disputes where other forum did not involve jurisdictional issues). That is the case here. This Court lacks personal jurisdiction over each Defendant. (ECF 18 at 9-14.) In contrast, Build-A-Bear is not challenging jurisdiction in California. (ECF 22-2 ¶¶ 3-4.) Since the California Case is "proceeding without jurisdictional

6622605

problems," this case should be dismissed in favor of the California Case. *Orthmann*, 765 F.2d at 121 (dismissing first-filed declaratory judgment action).

Finally, in the alternative, this case should be dismissed for lack of personal jurisdiction. As detailed in the opening brief, there is no general jurisdiction over any Defendant in Missouri. (ECF 18 at 10.) Though Build-A-Bear refused to concede this fact before Defendants filed their motion, it includes no argument defending the exercise of general personal jurisdiction. (ECF 31 at 8.) There is thus no dispute that this Court lacks general jurisdiction over Defendants.

As for specific jurisdiction, Build-A-Bear does not identify, as required, any *Missouri-specific* acts taken by any Defendant that would subject it to jurisdiction. (ECF 18 at 9-14.) Instead, Build-A-Bear argues that since Squishmallows are sold in Missouri, all of the Defendants are subject to jurisdiction in Missouri. (ECF 31 at 9.) Yet Build-A-Bear does not cite a *single case* holding that a defendant is subject to specific jurisdiction simply because sales of its products were made as part of a *nationwide* sales and marketing effort. (*E.g.*, ECF 31 at 14 (citing *Vandelune v. 4B Elevator Components Unlimited*, 148 F.3d 943, 948 (8th Cir. 1998) (relying on sales made through, unlike here, a "*regional* distributor" (emphasis added))).) Nor can it: a theory of jurisdiction that would result in the defendant being subject to jurisdiction in all 50 states is irreconcilable with the due process clause. *C.f. Walden v. Fiore*, 571 U.S. 277, 284 (2014) (no jurisdiction where plaintiff "would have experienced this same lack of access in California, Mississippi, or wherever else they might have traveled").

Instead, to meet their burden to establish personal jurisdiction, the plaintiff must show that activities relating to marketing and sales "are specifically targeted [to] Missouri over any other state" rather than, as here, as part of a nationwide campaign. *Allied Ins. Co. of Am. v. JPaulJones L.P.*, 491 F. Supp. 3d 472, 478 (E.D. Mo. 2020). That is because "sale of products through

- 3 -

independent, nation-wide third-party entities like Amazon and Ebay" are insufficient to establish personal jurisdiction. *Id.* Build-A-Bear's inability to establish that any Defendant specifically targeted Missouri thus requires dismissal. *Id.* (dismissing for lack of personal jurisdiction where plaintiff offered "no evidence that [defendant] specifically targeted" Missouri).

## II.   <u>ARGUMENT</u>

### A.   **This Case Must be Dismissed in Favor of the California Case**

As detailed in Defendants' opening brief, Eighth Circuit courts dismiss first-filed declaratory judgment actions when two red flags are present: "first, that the 'first' suit was filed after the other party gave notice of its intention to sue; and, second, that the action was for declaratory judgment rather than for damages or equitable relief." *Boatmen's First Nat. Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995). And the Eighth Circuit also dismisses first-filed declaratory judgment actions where the "identical lawsuit is proceeding without jurisdictional problems [elsewhere]." *Orthmann*, 765 F.2d at 121.

Build-A-Bear concedes all the relevant facts needed for this Court to apply Eighth Circuit law and dismiss this case in favor of the California Case. Build-A-Bear admits that this case was filed *after* it became aware that Defendants intended to sue by initiating the Florida Case. (ECF 31 at 3 (admitting that the Florida Case was filed before this case).) It additionally admits that this case is exclusively for declaratory relief rather than damages or equitable relief. (*Id.* at 3 ("Build-A-Bear filed this action seeking a declaratory judgment").) And it likewise does not dispute that there is a personal jurisdiction challenge in this case, unlike in the California case. (*Id.* at 6 (no identification of any jurisdictional challenges in California).) Based on these facts, dismissal is the appropriate remedy. *Orthmann*, 765 F.2d at 121 (holding that "the federal comity doctrine is best served in this case by dismissing" the first-filed case).

Build-A-Bear instead offers three arguments to attempt to dissuade this Court from

applying controlling Eighth Circuit law. All fail.

*First*, Build-A-Bear bizarrely claims that because Defendants "do not raise a state-law challenge to personal jurisdiction" by "*cit[ing]* Missouri's long-arm statute," the Eighth Circuit's guidance in *Orthmann* to examine whether the second-filed case has jurisdictional disputes is inapplicable. (ECF 31 at 5-6 (emphasis in original).) But Build-A-Bear cites *no cases* holding that *Orthmann* only applies to challenges to state long-arm statutes, as opposed to the due process clause that underpins every personal jurisdiction analysis. (*Id.* (citing no cases).)

Indeed, nothing in *Orthmann* supports Build-A-Bear's threadbare attempt at differentiation. *Orthmann* held that "the Minnesota federal district court dismissed the case for lack of personal jurisdiction over the defendants," and the Eighth Circuit "hesitate[d] to construe the limits of Minnesota's long-arm statute." 765 F.2d at 120. But because the "Minnesota long-arm statute extends jurisdiction to the fullest extent permitted by the due process clause," the statute cannot affect the personal jurisdiction analysis in a way distinct from the due process clause. *Soo Line R.R. Co. v. Hawker Siddeley Canada, Inc.*, 950 F.2d 526, 528 (8th Cir. 1991).

The same is true in Missouri. The Missouri long-arm statute provides for the exercise of personal jurisdiction "to the full extent permitted by the Due Process Clause." *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1025-26 (E.D. Mo. 2015). "Because Missouri's long-arm statute permits the assertion of jurisdiction over an out-of-state defendant to the extent permitted by the Due Process Clause, the sole inquiry is whether exercising personal jurisdiction over defendant is within the embrace of federal due process standards." *Golden Trade, S.R.L. v. EV. R, Inc.*, No. 4:06CV1033HEA, 2007 WL 1125699, at *2 (E.D. Mo. Apr. 16, 2007). Accordingly, it is unnecessary to investigate the limits of the Missouri long-arm statute because the only relevant determination is whether the exercise of personal jurisdiction would be

- 5 -

"consistent with the due process clause." *Soo Line*, 950 F.2d at 528. In sum, Build-A-Bear's attempt to differentiate *Orthmann* enjoys no support in the law.[2]

*Second*, Build-A-Bear argues that it was not on notice before filing suit because Defendants did not serve a cease and desist letter. (ECF 31 at 7-8.) But a cease and desist letter is not the only way that a party can be on notice of impending litigation. *See Arctic Cat Inc. v. Speed RMG Partners, LLC*, No. 19-CV-00873(NEB/LIB), 2019 WL 3858649, at *4 (D. Minn. Aug. 16, 2019) (finding that a party was on notice of impending litigation after unsuccessful mediation).

Indeed, the Eighth Circuit's focus is on *notice* of an intent to sue, not the *forum* providing notice, in determining whether a declaratory judgment action was filed to usurp the true plaintiff's forum choice. *See, e.g.*, *Boatmen's*, 57 F.3d at 641 (examining whether the first-filed suit "was filed after the other party gave *notice* of its intention to sue" without any requirement that notice needs to be in a cease-and-desist letter (emphasis added)); *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) (examining whether declaratory judgment plaintiff "was on notice that the [declaratory judgment defendant] was "at least considering filing suit"). There is no question here that Build-A-Bear was on notice of Defendants' intent to sue, as it is undisputed that

---

[2] Build-A-Bear also argues that a mere dispute over personal jurisdiction is insufficient to dismiss a first-filed case. (ECF 31 at 6.) But Defendants never argued that the presence of a jurisdictional dispute is on its own dispositive; it is a *factor* endorsed by the Eighth Circuit that district courts should analyze to determine whether it is in the interests of "federal comity" to dismiss the first-filed action. *Orthmann*, 765 F.2d at 121. None of Build-A-Bear's cases hold otherwise. (ECF 31 at 6 (citing *ZeaVision LLC v. Bausch & Lomb Inc.*, No. 4:21-CV-00072 JAR, 2021 WL 5905986, at *5 (E.D. Mo. Dec. 14, 2021) (*dismissing* Missouri case for lack of personal jurisdiction); *Cent. Bank of St. Louis v. Nec Amarillo Emergency Ctr.*, No. 4:17-CV-02214 ERW, 2017 WL 4888981, at *3 (E.D. Mo. Oct. 30, 2017) (personal jurisdiction disputed in *both* the first-filed state case and second-filed cases, with an additional dispute about the application of a forum selection clause); *Adv. Physical Therapy, LLC v. Apex Physical Therapy*, LLC, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017) (unlike here, court held that case did not involve "red flags" like "a declaratory judgment action designed to thwart a remedy-seeking plaintiff's choice of forum").

it: (i) only filed this case in reaction to Defendants' notice of trade dress claims in the Florida Case; and (ii) knew that Defendants' recent practice was to file federal trade dress and copyright claims in California, as it *quoted* multiple pleadings from that case in its Complaint. (ECF 20 at 6-7.)

Despite its attempt to obfuscate this issue, Build-A-Bear has not identified a single case holding that filing a state court lawsuit is insufficient to put an infringer on notice of a legal dispute. (ECF 31 at 6-7 (no cases supporting this argument).) The simple truth is that Build-A-Bear was on notice of a dispute due to the Florida Case, knew that Defendants would assert federal trade dress and copyright claims in a federal forum, and raced to the courthouse to preempt Defendants' "logical next step" to wrest away forum choice from the true plaintiffs. *Arctic Cat*, 2019 WL 3858649, at *5.[3] Under these facts, dismissal is appropriate. *Creative Compounds*, 2004 WL 2601203, at *3 (prior notice where declaratory judgment defendant "guaranteed prompt legal action" and "fulfilled this guarantee by filing its lawsuit").

*Third*, Build-A-Bear asserts that it is an abuse of discretion to dismiss a first-filed declaratory judgment action in favor of a later-filed infringement action. (ECF 31 at 7.) But the case it cites for this principle—*Verizon Commc'ns, Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 873-74 (8th Cir. 2002)—does not support Build-A-Bear's argument.

In *Verizon*, unlike here, the Eighth Circuit addressed the intersection of a first-filed Missouri *federal* declaratory judgment action with declaratory relief claims arising out of federal law and a second-filed Missouri *state* court case asserting only state law claims. *Id.* at 873-84. In

---

[3] Build-A-Bear cites Defendants' concerns that it would "try to improperly remove the [Florida] case to federal court" in describing the filing of the state court action. (ECF No. 31 at 3 (citing ECF No. 12-2 at 34).) Rather than reflect a purported "aversion to federal litigation," (ECF 31 at 3), as Build-A-Bear suggests, this shows Defendants' intent to maintain a distinction between the Florida state law claims properly brought before a Florida state court, and the federal claims, including federal copyright claims, before a federal court. It was on notice because it knew that Defendants' practice was to file federal trade dress and copyright claims in California.

- 7 -

holding that the district court abused its discretion in staying the first-filed federal case, the Eighth

Circuit noted several "specific circumstances" showing the declaratory judgment plaintiff was not

engaging in "improper forum shopping or an anticipatory filing." *Id.* Those circumstances are *not*

present here:

| ***Verizon***, 295 F.3d at 873-84 | This Case |
|---|---|
| "[Plaintiff] chose to bring this action in Missouri, the state of [defendant's] incorporation at the time" | Build-A-Bear filed this case in its *own* home state even though it pleaded that Defendants are citizens of California, Florida, Delaware, and/or New York, not Missouri. |
| "[Plaintiff] did not file suit immediately upon receiving the cease and desist letter but waited approximately six weeks, first taking time to respond to [defendant] and to request additional information" | Build-A-Bear filed this case just two weeks after Defendants filed the Florida Case, without engaging with Defendants at all. |
| "[Defendant] did not file its state court action until six weeks after the federal suit was filed" | Defendants filed the Florida Case before this case, and filed the California Case the same day (indeed just mere *hours* after) this case was initiated. |
| "the cease and desist letter did not indicate that litigation was imminent" | Litigation was not only imminent but Defendants had already filed the Florida Case before Build-A-Bear filed this case. |

In sum, *Verizon* provides an example of a declaratory judgment plaintiff who acted in good

faith to try to achieve a quick resolution of a dispute. *Id.* The differing facts here reveal the

opposite: a declaratory judgment plaintiff, Build-A-Bear, acting in bad faith by rushing to the

courthouse to force the true plaintiffs to litigate in Build-A-Bear's chosen home forum by filing

mere *hours* earlier than Defendants. *See Arctic Cat*, 2019 WL 3856849, at *4 (dismissing first-

filed action where "[t]he competing complaints were filed less than two hours apart").

Moreover, if there were any lingering questions about Build-A-Bear's intent to improperly

impose its home forum on Defendants, its recent conduct puts it to rest. As discussed above and

as admitted in its opposition brief, Build-A-Bear moved to *stay* the Florida Case until final

resolution of this case. (ECF 31 at 4 n.4.) At bottom, Build-A-Bear wants this Court to allow *it* to

- 8 -

choose the forum for this dispute and stay the cases in Defendants' preferred federal and state fora.

This is not a case consistent with the "purpose" of the Declaratory Judgment Act, where an accused party chooses to file a declaratory judgment action "to obtain early adjudication, without waiting until its adversary sees fit to file suit."[4] *Midwestern Indem. Co. v. H&L Assocs. of Kansas City, LLC*, No. 12-01315-CV-W-BP, 2013 WL 12142651, at *3 (W.D. Mo. Jan. 22, 2013). Instead, Build-A-Bear's actions show that it is seeking to use the Declaratory Judgment Act to force its home forum on Defendants—and deny the true plaintiffs their chosen federal and state fora—simply because this case was filed a few hours earlier. *Id.* ("little to be gained" when case filed "a mere *eight days* before [second-filed] case" (emphasis added)).[5]

Therefore, this Court should, consistent with the Eighth Circuit and numerous federal courts, dismiss this case in favor of Defendants' California Case. *See, e.g.*, *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (affirming dismissal of first-filed suit in favor of second-filed suit because plaintiff "usurp[ed] [defendant's] forum choice"); *Eveready Battery Co. Inc. v. L.P.I. Consumer Products, Inc.*, 464 F. Supp. 2d 887, 892 (E.D. Mo. 2006) ("[B]alance weighs in Defendant's favor and warrants an exception to the first-filed rule.").

### B.    This Court Does Not Have Personal Jurisdiction Over Defendants

Even if this case was properly initiated, it cannot proceed in Missouri because Build-A-

---

[4] In fact, if Build-A-Bear generally preferred early adjudication, it would proceed in the California Case, where Defendants have already filed an amended complaint (ECF 32-1) and Build-A-Bear will likely, as it did in its opening motion, file a motion to dismiss with prejudice. If the parties proceed here, Defendants would need to file their claims as *counterclaims*, and then, as Build-A-Bear's counsel admitted, it would file the *same* motion to dismiss here as it will have done weeks or even months earlier in California. Proceeding here thus creates no efficiencies.

[5] Build-A-Bear also argues that "declaratory relief is not, in itself, a reason to dismiss a first-filed case in favor of a later-filed action." (ECF 31 at 7.) But that argument ignores both: (i) the undisputed facts that show that Build-A-Bear's intent here is to usurp Defendants' forum choice; and (ii) the numerous other factors that additionally support dismissal. (ECF 18 at 7-8.)

Bear has not met its burden to establish personal jurisdiction over Defendants. As an initial matter, Build-A-Bear does not oppose Defendants' assertion that there is no general jurisdiction over Defendants in Missouri and thereby has "waive[d] any [such] argument." *Irvin v. Brown*, No. 4:22-CV-00256-DGK, 2023 WL 3853963, at *3 (W.D. Mo. June 6, 2023).

Instead, Build-A-Bear hangs its hat entirely on specific jurisdiction. But, as detailed in Defendants' opening brief, Build-A-Bear's allegations are wholly insufficient. (ECF 18 at 9-14.) As an initial matter, since this is a declaratory judgment action seeking to vindicate Build-A-Bear's rights to sell its products, the Court must focus on Defendants' "enforcement activities" in Missouri. *Acumen Brands, Inc. v. NHS, Inc.*, No. 5:16-CV-05284, 2017 WL 1330212, at *3 (W.D. Ark. Apr. 6, 2017). Because Defendants' enforcement activities were filing cases in Florida and California, not Missouri, Build-A-Bear cannot show sufficient contacts with Missouri to plead specific jurisdiction. *Id.* (dismissing declaratory judgment *trademark* claims where insufficient enforcement activities in forum). And even if marketing and sales of Squishmallows in Missouri through an interactive website or national retailers were relevant, those acts were a *nationwide* campaign, not specific to Missouri. (ECF 18 at 14.) Thus, any such marketing and sales are inadequate to establish personal jurisdiction. *See, e.g.*, *Brothers & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022) (no specific jurisdiction where "website is nationally accessible" and did not "specifically target[] Missouri consumers or the Missouri market").

Build-A-Bear offers four arguments in claiming that it has met its burden to establish a prima facie case of specific jurisdiction. None has merit.

*First*, Build-A-Bear faults Defendants for not "cit[ing] Missouri's long-arm statute." (ECF 31 at 10.) But, under binding authority, the Missouri long-arm statute only extends personal jurisdiction to the "'extent permissible under the Due Process Clause of the Fourteenth

Amendment of the Constitution of the United States.'" *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000). Therefore, there is no need to separately analyze the Missouri long-arm statute because "the critical factor in [the] analysis is whether the exercise of personal jurisdiction in this case comports with due process" under the Constitution." *Id.* In sum, it is entirely proper for Defendants to focus on the limits of the due process clause. *See Valued Pharmacy Servs. of Midwest, LLC v. Avera Health Plans, Inc.*, No. 4:21-CV-400RLW, 2022 WL 444087, at *4 (E.D. Mo. Feb. 14, 2022) ("Because the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause, we turn immediately to the question whether the assertion of personal jurisdiction would violate the due process clause.") (citing *Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 619 (8th Cir. 2021)).

*Second*, Build-A-Bear argues that this Court's analysis should not be limited to Defendants' "enforcement activities" in Missouri because that limitation arose in patent law. (ECF 31 at 11-12.) But no matter where the principle originated, courts apply it when evaluating specific jurisdiction in declaratory judgment actions *unrelated* to patents. *See, e.g.*, *Acumen*, 2017 WL 1330212, at *3 n.5 (involving trademark claims and holding that the principles are "far more analogous to the instant [declaratory judgment] case than cases where the trademark owner sues for alleged infringement"). And doing so is sensible: "[w]hether [the intellectual property holder] sells its products in [Missouri] is practically immaterial to the question of whether [Build-A-Bear] is infringing" because the purpose of these actions "is to clear the air of infringement charges." *Id.* at *3-4. Build-A-Bear does not cite a single case from within the Eighth Circuit holding otherwise.[6]

---

[6] Build-A-Bear also cites a Ninth Circuit case to argue that a recent Supreme Court decision changed this analysis because it no longer requires a "causal relation between the contacts and the cause of action" and just requires that the contacts have *some* relationship with the claims in the case. (ECF 31 at 12 (citing *Ford Motor Co. v. Mont. 8th Judicial Dist. Ct.*, 592 U.S. 351, 362 (Continued...)

Since Build-A-Bear does not dispute that Defendants did not engage in any enforcement activities in Missouri, there is no specific jurisdiction over Defendants. *See Acumen*, 2017 WL 1330212, at *3 (finding a lack of personal jurisdiction where enforcement activities were not directed at forum); *ZeaVision LLC*, 2021 WL 5905986, at *4 (similar).

*Third*, Build-A-Bear argues that there is specific jurisdiction over Defendants in Missouri because there is evidence of marketing and sales of Squishmallows in Missouri. (ECF 31 at 13-14.) Not so. Mere sales are not enough: "[s]pecific jurisdiction is only proper where the defendant has "*purposefully directed [its] activities at [Missouri] residents*," and the suit "arises out of" or "relates to" those activities." *Jones v. Papa John's Int'l, Inc.*, 2023 WL 7155562, at *4 (E.D. Mo. Oct. 31, 2023) (emphasis added*)*. The plaintiff must show that the defendant "especially tailored [activities] to Missouri consumers" or "made special efforts to market" in Missouri." *Id.*

But Build-A-Bear identifies *no facts* showing that Defendants engaged in any *Missouri-specific* marketing or sales efforts or that its declaratory judgment claim "arises out of" any such activities. It instead claims that mere sales and marketing in Missouri is sufficient under the law. But none of Build-A-Bear's cases from the Eighth Circuit support its argument that specific jurisdiction is proper simply because sales and marketing reached Missouri. Instead, each cited case involves *specific efforts* to take advantage of the Missouri or regional market in a way *different* from a general, nationwide sales effort. (ECF 31 at 13-14 (citing *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 594 (8th Cir. 2011) (involving contractual Missouri choice of law provision

---

(2021)). Not so. In applying Supreme Court precedent, the Ninth Circuit has been clear that "[t]he phrase 'relate to' . . . still incorporates real limits, as it must to adequately protect defendants foreign to a forum." *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 861-62 (9th Cir. 2022) (cleaned up). For that reason, the Ninth Circuit requires the plaintiff to show "a *strong, direct connection* between the defendant's forum-related activities and the plaintiff's claims." *Briskin v. Shopify, Inc.*, 87 F.4th 404, 414 (9th Cir. 2023) (emphasis added). There is thus no inconsistency between Supreme Court precedent and the focus on "enforcement activities."

- 12 -

and "actual contacts with Missouri[,] includ[ing] its officials coming to Missouri in September 2001 to renegotiate the contract with [plaintiff], its paying money to [plaintiff] as agreed in the contract, and its exchanging many letters, emails, and telephone calls with [plaintiff] throughout the 12 years that the contract was in existence"); *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 524 (8th Cir. 1996) (*finding lack of personal jurisdiction* even where there was a contractual Minnesota choice of law provision and a "meeting in Minnesota"); *Vandelune* 148 F.3d at 948 (defendant entered into a contract with "a *regional* distributor with the expectation that the distributor will penetrate a *discrete*, multi-State trade area" (emphases added))[7]; *Anheuser-Busch, Inc. v. City Merch.*, 176 F. Supp. 2d 951, 957 (E.D. Mo. 2001) (defendant "intentionally distributed the postcards to Missouri, the forum state")).)[8]

Build-A-Bear's failure to cite a single apposite case in support requires rejection of its personal jurisdiction theory. *See Allied Ins.*, 491 F. Supp. 3d at 477 (sale of products through

---

[7] In fact, the Eighth Circuit has subsequently expressly disclaimed *Vandulune*'s application to cases like this among different manufacturers, instead cabining it to the personal injury context. *Guinness Imp. Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 615 n.7 (8th Cir. 1998) ("We are not persuaded by the dissent's reliance upon *Vandelune* [ ] because that case is not similar to this one. . . . *Vandelune* involves a personal injury claim against a manufacturer as opposed to a commercial dispute between merchants as is the case here.").

[8] Build-A-Bear also cites to a series of out-of-circuit cases for the proposition that courts have found personal jurisdiction in declaratory actions where the defendant has sold products or otherwise done business in the forum state. These cases are inapposite, as each involved robust allegations specifically linking the defendants with the forum states, facts which are entirely absent here. (ECF 31 at 15 (citing *Am. Eagle Outfitters, Inc. v. Lyle & Scott Ltd.*, No. 2:20-cv-1488 RJC, 2021 WL 4287997, at *9 (W.D. Pa. Sept. 21, 2021) (numerous contacts between defendants and Pennsylvania, which were were instrumental in the formation of the contract at issue); *Planet Techs., Inc. v. Planit Tech. Grp., LLC*, 735 F. Supp. 2d 397, 404 (D. Md. 2010) (defendant intentionally "'expressly targeted' Plaintiff as a Maryland resident," and company defendant worked for had a Maryland office); *Solar Gear Inc. v. Sunglass Hut Int'l Inc.*, No. C-93-20931 RMW, 1994 WL 587237, at *2 (N.D. Cal. May 24, 1994) (defendant had retail stores in California, published advertisements expressly aimed at California, and distributed business cards in the state with a California telephone number)).)

"independent, nation-wide third-party entities" does not confer specific jurisdiction).[9]

*Finally*, Build-A-Bear argues that there is specific jurisdiction because Jazwares[10] offers Squishmallows for sale on its website. This argument is directly contrary to binding Eighth Circuit authority. The Eighth Circuit has made clear that a "website's accessibility in Missouri alone is insufficient to confer personal jurisdiction." *Johnson v. Arden*, 614 F.3d 785, 796-97 (8th Cir. 2010); *Brothers & Sisters*, 42 F.4th at 954 (refusing to recognize specific jurisdiction based on defendant's website being nationally accessible); *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 931 (8th Cir. 2023) (same). Instead, the plaintiff must show that the defendant "specifically targeted Missouri over any other state." *Allied Ins.*, 491 F. Supp. 3d at 477 ("specific jurisdiction does not attach simply because a defendant operates a commercial website that is, at some level, interactive and allow for sales into the forum state").

Rather than engage with these Eighth Circuit cases, Build-A-Bear cites *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) to argue that personal jurisdiction exists where a defendant "does business over the internet." (ECF 31 at 13.)[11] But, as Judge

---

[9] Indeed, if it were true that Squishmallows sales in a state were sufficient to find personal jurisdiction over Defendants, there would arguably be specific jurisdiction *in any state* in which Build-A-Bear chose to file its declaratory judgment claims in. That is not the law. *See Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010) ("[M]ere effects in the forum state are insufficient.").

[10] Build-A-Bear refers to this website as "Defendants' website," but alleged that the website was "Defendant Jazwar[es]' website" in its Complaint. (Complaint ¶ 10.) Since the Supreme Court requires that each Defendant's contacts "must be assessed individually" (*Calder v. Jones*, 465 U.S. 783, 790 (1984)), this is a critical distinction because these website sales, even if relevant, cannot be attributed to all other Defendants. *C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*, No. 4:20-cv-01444-MTS, 2021 WL 3725680, at *5 n.9 (E.D. Mo. Aug. 23, 2021) ("[t]here is no package-deal exception to personal jurisdiction").

[11] Build-A-Bear also cites *Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328, 1333 (E.D. Mo. 1996), but courts have recognized that *Maritz* is "not persuasive," as it was "decided before" significant jurisprudence on the effect of internet activity was developed. *Triad Media, Inc. v. Stone*, No. 10-0165-CV-W-SOW, 2010 WL 11509208, at *7 n.5 (W.D. Mo. Nov. 2, 2010); *Hearst*
(Continued...)

- 14 -

Limbaugh, Jr. held in *Allied Ins.*, *Zippo* involved "a long-term, continuous news subscription service," not "single sales transactions" like here. *Allied Ins.,* 491 F. Supp. 3d at 476. And recent decisions analyzing *Zippo* hold that "a website engaging in commercial transactions 'to anyone who seeks it out, regardless of where they live' does not constitute a website targeting a specific state." *Id.* (quoting *Fidrych v. Marriott International, Inc.*, 952 F.3d 124, 141 (4th Cir. 2020)).

In sum, Build-A-Bear has not, and cannot, show that Defendants took any actions relating to sales or marketing of Squishmallows that were *specific* to Missouri. Build-A-Bear's failure to do so requires dismissal. *See, e.g.*, *Allied Ins.*, 491 F. Supp. 3d at 478 (lack of personal jurisdiction where plaintiff did not identify any Missouri-specific sales or marketing efforts).[12]

## III.    CONCLUSION

There is no dispute that Defendants are the injured party, the true plaintiffs in this case. The Eighth Circuit is clear that the "natural plaintiff's choice of forum is controlling" because "the plaintiff is normally 'master to decide what law he will rely upon.'" *BASF*, 50 F.3d at 557 (quoting *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) (Holmes, J.)). Therefore, when allowing a case to proceed "could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue." *Id.* at 559. Consistent with Eighth Circuit law, Defendants urge this Court to dismiss this case to allow them, the true plaintiffs, to proceed in their preferred federal forum in California where there are no jurisdictional disputes and the parties can resolve their disagreements on the merits.

---

*Corp. v. Goldberger*, No. 96 CIV. 3620 (PKL) (AJP), 1997 WL 97097, at *20 (S.D.N.Y. Feb. 26, 1997) (declining to follow *Maritz* and holding that such a broad application of personal jurisdiction would "create national (or even worldwide) jurisdiction").

[12] If this Court dismisses Kelly Toys for lack of personal jurisdiction but holds that it has jurisdiction over a different Defendant, Build-A-Bear does not dispute, and thus concedes, that this case must be dismissed under Rule 19. (Mot. at 15.)

Dated: March 28, 2024                    Respectfully submitted,

                                         **BROWN & JAMES P.C.**


                                         By:   /s/ Corey L. Kraushaar
                                               Corey Kraushaar #51792MO
                                               **Brown & James P.C.**
                                               800 Market St., Suite 1100
                                               St. Louis, MO 63101
                                               Tel: (314) 242-5257
                                               Email: ckraushaar@bjpc.com

                                               Moez M. Kaba #257456CA (pro hac)
                                               Sourabh Mishra #305185CA (pro hac)
                                               **Hueston Hennigan LLP**
                                               620 Newport Center Drive
                                               Newport Beach, CA 92660
                                               Tel: (949) 356-5536
                                               Fax: (888) 866-4825
                                               Email: mkaba@hueston.com
                                               Email: smishra@hueston.com

                                               Zachary D. Ludens #111620FL
                                               **Zebersky Payne**
                                               110 Southeast 6th Street, Suite 2900
                                               Ft. Lauderdale, FL 33301
                                               Tel: (954) 989-6333
                                               Fax: (954) 989-7781
                                               Email: zludens@zpllp.com

                                               *Attorneys for Defendants Kelly Toys*
                                               *Holdings, LLC, Kelly Amusement Holdings,*
                                               *LLC, Jazwares, LLC, and Jazplus, LLC*

- 16 -

6622605