UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BUILD-A-BEAR WORKSHOP, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.  4:24-cv-00211-MTS |
| KELLY TOYS HOLDINGS, LLC; et al., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF BUILD-A-BEAR WORKSHOP, INC.'S RESPONSE
TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING DEFENDANTS' BAD FAITH, LATER-FILED LAWSUIT**

Defendants Kelly Toys Holdings, LLC, et al. (collectively "Kelly Toys") erroneously suggest by their Notice of Supplemental Authority that this Court's ability to enjoin Kelly Toys from pursuing their bad faith, later-filed lawsuit in California has somehow been undermined by the entry of an order declining to dismiss Kelly Toys' improperly filed California lawsuit.  Nothing could be further from the truth.

As this Court is well aware, Build-A-Bear Workshop, Inc. ("Build-A-Bear") commenced this action on February 12, 2024.  (ECF No. 1.)  Kelly Toys responded to this lawsuit by subsequently filing parallel litigation in California federal court.  *See Kelly Toys Holdings, LLC, et al. v. Build-A-Bear Workshop, Inc.*, 2:24-cv-01169-JLS-MAR, ECF No. 1 (C.D. Cal.) (the "California Lawsuit").  Pursuant to *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993), and its progeny, Build-A-Bear filed a motion in this first-filed action requesting that Kelly Toys be enjoined from pursuing the later-filed and later-served California Lawsuit (Build-A-Bear's "Motion to Enjoin").[1]

---

[1] In its Order in the California Lawsuit, the Court observed that Build-A-Bear filed this action first and moved in this action to enjoin Kelly Toys from pursuing the California Lawsuit, consistent with the first-to-file rule. (*See* ECF No. 35-1, at 5 n.1.)

1

While Build-A-Bear's Motion to Enjoin has remained under submission in this Court, the California Lawsuit has not meaningfully progressed. Build-A-Bear has not yet answered the California Lawsuit, no Rule 16 conference has been scheduled, and no discovery has occurred. To the extent the relative progress of two cases could be a relevant factor to a court considering departure from the presumptively controlling first-to-file rule, such a factor has no bearing here, where the cases are both in their infancies. *Cf. Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (dismissing appeal of first-filed case because, among other things, the later-filed case had progressed for nearly *two years*); *Rural Media Grp., Inc. v. Performance One Media, LLC*, 697 F. Supp. 2d 1097, 1102–03, 1113 (D. Neb. 2010) (applying first-filed rule to transfer case where four months had passed since second-filed case had been filed).

Build-A-Bear respectfully disagrees with the Order issued in the California Lawsuit and maintains that Kelly Toys' amended complaint in California fails, as a matter of law, to adequately and clearly plead what constitutes the purported trade dress. Regardless, the Order issued in the California Lawsuit only addressed the adequacy of Kelly Toys' *pleading* of their purported trade dress, not the underlying substantive question of whether the trade dress is truly valid and protectible in the first instance. Indeed, the Order repeatedly states that those substantive questions remain to be fleshed out in discovery (which discovery has not commenced in the California Lawsuit).

Build-A-Bear also notes that, on June 27, 2024, a different judge in the same California district court (Judge Scarsi) dismissed Kelly Toys' complaint against Zuru, LLC, wherein Kelly Toys alleged the exact same description of its purported trade dress, for failure to clearly describe its purported trade dress, and required Kelly Toys to replead, yet again. *See* Order on Motion to Dismiss, *Kelly Toys Holdings, LLC v. Zuru, LLC*, No. 2:23-cv-09255-MCS-AGR, ECF No. 41

2

(C.D. Cal. June 27, 2024).  The disagreement between judges in the very same federal court about the adequacy of Kelly Toys' identical (and vague) descriptions of the same purported trade dress further demonstrates the need for complete resolution by this Court regarding the existence and scope of any supposed trade dress rights.

The fact that the California Lawsuit is currently set to proceed, thereby creating inefficient and duplicative proceedings, only serves to underscore the necessity of the relief sought in Build-A-Bear's Motion to Enjoin.  A declaration from this Court regarding the existence and scope of Kelly Toys' purported trade dress rights (or lack thereof) is appropriate and necessary.  Absent such a declaration, Kelly Toys' improper litigation tactics, including advancing ever changing and vague descriptions of its purported, common law trade dress rights and blatant forum shopping, will continue and be rewarded.  As a matter of law and practical necessity, this first-filed case should proceed, and the California Lawsuit should be enjoined forthwith.  Build-A-Bear again respectfully requests that the Court grant its Motion to Enjoin as soon as practicable.

Respectfully submitted,

Dated: July 18, 2024

**LEWIS RICE LLC**

By:   /s/  Michael J. Hickey
Michael J. Hickey, #47136(MO)
mhickey@lewisrice.com
Philip J. Mackey, #48630(MO)
pmackey@lewisrice.com
Allison E. Knopp, #74724(MO)
aknopp@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7630
(314) 612-7630 (fax)

*Attorneys for Plaintiff*
*Build-A-Bear Workshop, Inc.*

3