**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BUILD-A-BEAR WORKSHOP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 4:24-cv-00211-MTS |
| | ) |
| KELLY TOYS HOLDINGS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Defendants[1] have a product line of plush toys they call Squishmallows, and Plaintiff Build-A-Bear Workshop, Inc. has a similar product line of plush toys it calls Skoosherz. Their similarity has created a controversy among the parties. In this action, Plaintiff seeks a declaratory judgment asking the court to "declare the rights and other legal relations" among the parties as it pertains to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*[2] *See* 28 U.S.C. § 2201 (creating declaratory judgment remedy). Because the Court agrees with Defendants that it lacks personal jurisdiction over them on Plaintiff's claim, the Court will dismiss this action. *See* Fed. R. Civ. P. 12(b)(2).

\* \* \*

"To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant[ ] can be subjected to

---

[1] The Defendants in this action are Kelly Toys Holdings, LLC; Kelly Amusement Holdings, LLC; Jazwares, LLC; and Jazplus, LLC (collectively "Defendants").

[2] Specifically, Plaintiff seeks a declaration that: (1) Defendants' claimed trade dress rights in their Squishmallows products are invalid, unenforceable, and unprotectable under the Lanham Act; and (2) Build-A-Bear's Skoosherz plush toys do not infringe any of Defendants' claimed trade dress rights in their Squishmallows products under the Lanham Act. Doc. [1] ¶ 1.

jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id.* "The evidentiary showing required at the prima facie stage is minimal." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022) (quoting *Willnerd v. First Nat'l Neb., Inc.*, 558 F.3d 770, 778 (8th Cir. 2009)). "The plaintiff's showing 'must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.'" *Id.* (quoting *Dever*, 380 F.3d at 1072).

"Where the applicable federal statute, here the Lanham Act, does not authorize nationwide personal jurisdiction, *see Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), the existence of personal jurisdiction depends on the long-arm statute of the forum state and the federal Due Process Clause." *Bros. & Sisters in Christ*, 42 F.4th at 951; *accord St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 591 (8th Cir. 2001) ("Two prerequisites must be met to establish personal jurisdiction over a nonresident defendant. The forum state's long arm statute must be satisfied and the due process clause must not be violated.").

The Missouri long-arm statute inquiry and the due process inquiry "are separate." *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012); *accord Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 n.2 (8th Cir. 2011) (noting the Supreme Court of Missouri "analyze[s] the two questions separately"); *State ex rel. DKM Enters. v. Lett*, 675 S.W.3d 687, 695 (Mo. Ct.

App. 2023) (describing the "two-prong test"); *Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 688 (Mo. Ct. App. 2020) (describing the "two-step analysis"). Here, Defendants did not raise an argument under Missouri's long-arm statute; rather, they argue that the exercise of personal jurisdiction over them would violate the due process clause. If they are correct, that would be sufficient to defeat personal jurisdiction over them. *Viasystems*, 646 F.3d at 594 ("Even if personal jurisdiction over [Defendants] is authorized by [Missouri's] long-arm statute, jurisdiction can be asserted only if it comports with the strictures of the Due Process Clause."); *see also, e.g.*, *Bros. & Sisters in Christ*, 42 F.4th at 951 (finding plaintiff sufficiently alleged that defendant engaged in acts covered by Missouri's long-arm statute but finding plaintiff failed to allege that defendant could reasonably anticipate being haled into court in Missouri). The Court "thus turn[s] to whether exercising jurisdiction over [Defendants] comports with the Due Process Clause." *Bros. & Sisters in Christ*, 42 F.4th at 951.

Plaintiff maintains that Defendants are subject to specific jurisdiction in Missouri—not general jurisdiction. This Court would have specific jurisdiction over the out-of-state Defendants only if they "purposely directed [their] 'activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 930 (8th Cir. 2023) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Thus, the Court asks whether Defendants have "certain minimum contacts with"

Missouri[3] and whether Plaintiff's claims "'arise out of or relate to [those] contacts.'" *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021) (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

In deciding whether specific jurisdiction exists over a particular defendant on a particular claim,[4] the U.S. Court of Appeals for the Eighth Circuit considers the totality of the circumstances and has long used five distilled factors to guide the analysis: "(1) the nature and quality of [the defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Kendall Hunt*, 74 F.4th at 930 (quoting *Bros. & Sisters in Christ*, 42 F.4th at 952); *accord Aftanase v. Econ. Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965) (Blackmun, J., for the Court). The first three factors carry "the greatest weight." *Kendall Hunt*, 74 F.4th at 930.

First, the Court examines Defendants' contacts with Missouri. Defendants have no offices, physical presence, or employees in Missouri. While Defendants have general, national advertising that reaches Missouri, Defendants do not specifically direct or design advertisements for Missouri consumers. Defendants' greatest contact with Missouri is their sales. Defendant Jazwares LLC sells Squishmallows on its website. While it sells them nationwide and does not specifically target Missouri consumers, they are sold to

---

[3] The Court's inquiry must consider Defendants' "contacts with [Missouri] itself, not [Defendants'] contacts with persons who reside there." *Bros. & Sisters in Christ*, 42 F.4th at 952 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

[4] Plaintiff must establish personal jurisdiction over each Defendant on each claim. *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); *Vallone v. CJS Sols. Grp.*, 9 F.4th 861, 865 (8th Cir. 2021) ("Personal jurisdiction must be determined on a claim-by-claim basis.").

- 4 -

and shipped to consumers in Missouri.  Squishmallows also are available for purchase in

Missouri from Amazon.com and are available in some physical retail stores, like Target

and Walmart, within Missouri.  Defendants do not, however, have supply agreements

with national retailers; instead, the retailers purchase Squishmallows for sale throughout

the United States.

These contacts with Missouri have little—if any—relation to Plaintiff's cause of

action.  Plaintiff seeks a declaration that Defendants' claimed trade dress rights in their

Squishmallows products are invalid, unenforceable, and unprotectable under the Lanham

Act and that Plaintiff's Skoosherz products do not infringe any of Defendants' claimed

trade dress rights in their Squishmallows products under the Lanham Act.  But Plaintiff

has failed to explain how selling Squishmallows in Missouri sufficiently relates to

Defendants' claimed trade dress rights.[5]  *See Bristol-Myers Squibb Co. v. Superior Ct. of

Cal.*, 582 U.S. 255, 264 (2017) (explaining that "[i]n order for a court to exercise specific

jurisdiction over a claim," there must be an "affiliation between the forum and the

underlying controversy"—"unconnected activities" do not establish jurisdiction (internal

quotation omitted)).  Defendants' sales of their products in Missouri are not enough to

establish specific jurisdiction over this action.  *See Acumen Brands, Inc. v. NHS, Inc.*,

5:16-cv-05284-PKH, 2017 WL 1330212, at *4 (W.D. Ark. Apr. 6, 2017) ("Whether [the

---

[5] The Court emphasizes that this case is *not* one where Plaintiff claims that Defendants are infringing on *Plaintiff's* trade dress.  *Cf. Furminator, Inc. v. Wahba*, 4:10-cv-01941-AGF, 2011 WL 3847390, at *1, *5–6 (E.D. Mo. Aug. 29, 2011) (holding that plaintiff "met its burden of making a prima facie showing" that specific jurisdiction existed in trademark-infringement case where defendant sold infringing product to Missouri resident); *Copeland v. Bieber*, 2:13-cv-0246, 2013 WL 12145005, at *5 (E.D. Va. Dec. 17, 2013) ("Where infringement occurs in multiple states, specific jurisdiction can be present in each of those states, even if the infringing product was not developed there.").

defendant] sells its products in Arkansas is practically immaterial to the question of whether [the plaintiff] is infringing on [the defendant's] trademark.").

When it comes to connections with a relation to the cause of action, Plaintiff comes up short.  Plaintiff cannot point to *any* enforcement activity any Defendant has taken in Missouri.  While Defendants specifically have taken enforcement activities related to their Squishmallows elsewhere, they have not done so in Missouri.  Defendants conduct related to enforcement in other jurisdictions gets Plaintiff nowhere in this case. *See Walden*, 571 U.S. at 284 ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.").  "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted).  For this reason, the Court agrees with Judge VanDyke that "specific jurisdiction for a trademark declaratory judgment action like this exists only if a defendant purposefully directs at least one enforcement activity at the forum," *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1100 (9th Cir. 2023) (VanDyke, J., dissenting), and Plaintiff has identified no such enforcement activity here.[6]

___

[6] In its opposition to Defendants' Motion to Dismiss, Plaintiff cites the majority opinion in *Impossible Foods Inc. v. Impossible X LLC*.  While this Court finds Judge VanDyke's view on the insufficiency of non-enforcement activities to establish personal jurisdiction in an action like this one to be more persuasive, even the majority opinion in *Impossible Foods* does not lend support to Plaintiff.  The majority opinion in *Impossible Foods* concluded that the defendant had "purposefully directed its activities toward California and availed itself of the privileges of conducting activities there by building its brand and working to establish trademark rights there." *Impossible Foods*, 80 F.4th at 1087.  Those

Having determined the nature, quality, and quantity of Defendants' contacts with Missouri and their relation to this cause of action do not support a finding of specific jurisdiction here, the remaining lesser considerations—the interest of Missouri in providing a forum for its residents and the convenience of the parties—cannot salvage Plaintiff's position.

<u>CONCLUSION</u>

Defendants have challenged the notion that the due process clause authorizes this Court, sitting in Missouri, to exercise personal jurisdiction over them on Plaintiff's claim. "Critical to due process analysis is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Bros. & Sisters in Christ*, 42 F.4th at 951 (quoting *Kaliannan*, 2 F.4th at 733). Defendants merely offered Squishmallows for sale in Missouri; how could they have reasonably anticipated being haled into court here on the issue of whether they have an enforceable trade dress under the Lanham Act in their Squishmallows? Plaintiff provides no cogent answer to that question.

Indeed, if Plaintiff were correct that this Court could exercise specific personal jurisdiction over Defendants on this claim, then Plaintiff, without offending due process, could have filed this action in *any* state in the nation where Squishmallows are sold. *Cf. Doctor's Fin. Network, Inc. v. DrDisabilityQuotes.com, LLC*, 8:21-cv-02034-CJC, 2022

---

"brand-building activities in California" were, the majority found, "sufficiently related to the [parties'] trademark dispute to confer personal jurisdiction." *Id.* Even if this Court accepted the majority opinion's legal conclusion that those contacts were sufficiently related, Defendants here have no contacts with Missouri like the contacts the defendant in *Impossible Foods* had to the California forum.

WL 19404853, at *5 (C.D. Cal. Mar. 3, 2022) (rejecting argument that "would make Defendant subject to specific jurisdiction in every state").  Plaintiff's claim does not arise out of or relate to Defendants' sale of Squishmallows in Missouri.  *See Ford Motor Co.*, 592 U.S. at 359, 362.  For these reasons, forcing Defendants to litigate this claim in Missouri would offend the "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [21], is **GRANTED in part**.  *See* Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction).[7]

A separate Order of Dismissal will be entered herewith dismissing this action without prejudice.

Dated this 2nd day of August 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[7] Because the Court finds that Plaintiff has not established the Court's personal jurisdiction over Defendants, the Court does not reach the portion of Defendants' Motion to Dismiss requesting dismissal of this action in favor of the California action, *Kelly Toys Holdings, LLC v. Build-A-Bear Workshop, Inc.*, 2:24-cv-01169-JLS (C.D. Cal.).